CHAMBERLAIN BANKING HOUSE V. RELIANCE INSURANCE COMPANY OF PHILADELPHIA.

FILED NOVEMBER 9, 1899.    NO. 9,008.

1. Garnishment: RIGHTS OF PARTIES. A plaintiff in a suit of garnishment, by service of the writ, becomes entitled to the rights of his debtor against the garnishee, and no after-understanding or agreement between the two latter parties can essentially change the rights which have so attached.

2. ———: ASSIGNMENT OF CAUSE OF ACTION: RIGHTS OF PARTIES: EVIDENCE: RES JUDICATA. A party recovered judgment against his debtor. The latter was summoned in garnishment proceedings by the creditor of the former, and, his answers being unsatisfactory, suit was instituted against him by the plaintiff in the suit of garnishment. All the suits and proceedings were in the one—the county—court. The garnishee paid into court an

amount which, subsequent to service of the writ of garnishment, his creditor had agreed to receive as his due. This was treated by the court, to the extent shown by the record, as a payment in the first original action. A party filed a claim of right to receive the money on the ground that the original cause of action had been his by assignment. This was filed in the original action, and notice of it was served on counsel for plaintiff in garnishment. They appeared, did not object to the hearing, and the applicant's right to receive the money was adjudicated. *Held,* A proceeding without law or rule of practice; that the court had no jurisdiction, and that the parties participating did not confer jurisdiction; the decision did not fix the rights of the parties; and the record of the proceedings and determination was not competent evidence in this, the garnishment suit of a prior adjudication alleged as matter of defense by the garnishee.

ERROR from the district court of Johnson county. Tried below before LETTON, J. *Reversed.*

*M. B. C. True* and *S. P. Davidson,* for plaintiff in error.

*C. C. Flansburg, contra.*

HARRISON, C. J.

It appears herein that George Zutavern, of Tecumseh, during 1894, applied to the defendant in error, hereinafter styled the company, for insurance against loss by fire on some property which he then and there owned, and a policy was issued to him, and that thereafter the insured property was destroyed by fire February 19, 1895. Due notice was given and proofs of the loss made. The company refused or failed to pay the loss, and on June 5, 1895, Zutavern commenced an action in the county court of Johnson county against the company on the policy to recover the amount he claimed due him. The company interposed three defenses: that the action was prematurely brought; that the insured property, which was personal, was incumbered at the time of insurance, of which fact the company had neither knowledge nor notice; and that the policy of insurance, after its issuance, had been assigned to one Andrew J. Simpson without notice to, or consent of, the company. As the result

of a trial Zutavern was given a judgment against the company in the full amount stated in the policy and demanded in the suit, $409.02. The judgment was rendered August 16, 1895. On the same day the attorney for Zutavern filed a notice or statement of an attorney's lien in the sum of $100. On the 21st of the same month an undertaking was approved and filed, and on appeal of the action to the district court was perfected. On August 29, 1895, the plaintiff in error, hereinafter designated the banking house, instituted an action in the county court of Johnson county against the said George C. Zutavern and others, in which there was a judgment on the same day by confession in the sum of $999. On the next day an execution was issued and delivered to the sheriff and on September 3, 1895, this was returned "no property found." An affidavit was filed and summons in garnishment proceedings procured to issue, directed against the company, which was duly served, the day on which answer was required being October 5, 1895, at which time the company appeared and stated that it was indebted to Zutavern in the sum of $299.75. The banking house objected to the answer, as unsatisfactory and incomplete, and subsequently commenced this action against the company, alleging for cause that its answer in the garnishment proceeding was unsatisfactory and incomplete. In its answer in this present case, the company stated that prior to the time it was required to make disclosure in the garnishment proceeding, it and Zutavern had reached an agreement as to the amount it owed him as being $297.75, and which it had, in obedience to an order of the county court, paid into said court. The company further answered as follows: "For a second further and other defense this answering defendant says that after the payment of the money into court as aforesaid by this defendant, under the order of said court aforesaid, one Andrew Simpson, claiming the said money to belong to him by reason of an assignment of the said defendant George C. Zutavern, filed a petition of intervention and

notified the Chamberlain Banking Company that he claimed the said money; that the plaintiff herein, the Chamberlain Banking Company, the judgment creditor who had caused the garnishment proceedings to issue, and under which this defendant had answered, and paid the money into court, appeared in response to the petition of intervention of said Simpson, and resisted the claim of the said Simpson to said money; that this defendant was not in anywise advised of said pending proceeding, and not in the said cause and court, and that upon a trial of said cause upon its merits it was adjudged that the said Chamberlain Banking Company was not entitled to said money paid in said garnishment, but that said Simpson was entitled thereto; that no appeal was taken from said order, and the same is in full force and effect and unreversed, and said money was paid over to said Simpson, and was by him paid to the Chamberlain Banking Company, in settlement and discharge of the liability of said Zutavern, upon which the said Simpson was a surety to said Chamberlain Banking Company, the plaintiff herein; that the Chamberlain Banking Company, by reason of the aforesaid, is, and of right ought to be, estopped from claiming anything as against this answering defendant, and is bound by the said judgment and proceedings of the court hereinbefore recited and alleged." A trial of the issues resulted favorably to the company, and the defeated party has prosecuted an error proceeding to this court.

It is contended for the banking house that there was not sufficient competent evidence to support the findings of the trial court. Of the evidence introduced on the part of the company was a transcript of a record of the county court of proceedings in the case of George C. Zutavern against the Reliance Insurance Company. In this there is set forth the following: "It is hereby stipulated and agreed by the parties hereto that the judgment herein shall be satisfied on the payment into court of the sum of $299.75 in cash and the payment of an

order dated June 8, 1895, drawn on the Reliance Insurance Company in favor of Samuel Wertheimer by George C. Zutavern, and duly accepted by said insurance company, now amounting to $50.25, and the said insurance company, defendant, released and discharged of liability upon payment of costs in said case." This was of date October 5, 1895. And further: "And on the same day the Reliance Insurance Company, by its attorney, pays into court the sum of $299.75, judgment, and $10.10, costs of this action of date of judgment." Then appear entries in regard to attorneys for the banking house filing objections to the attorney's lien, notice of which, as we have before stated, had been filed and made of record; also, that the banking house appeared by its cashier and withdrew the objections and said they had been made without its knowledge or consent. It is also set forth in the transcript that Andrew Simpson on October 22, 1895, filed a claim for the money which had been paid into court by the company. The statement of his claim was to the effect that the insurance policy in the suit, on which the judgment had been recovered, had been assigned to him, and that he, Zutavern, and the banking house had an agreement that he was to relinquish his right and title to the policy and Zutavern was to bring the suit against the company on the policy, and if successful, Simpson was to receive the fruits of the action, and the banking house was not, in its suit against Zutavern, or in any proceeding, to make any claim to any of the money, if any, recovered by Zutavern in the action on the policy. The attorneys for the banking house accepted service of this application or claim, and it was further recorded that they were present, consented to, and participated in a trial of the claim of Simpson; that it was determined to be true and given force, and he, or his attorneys, received what remained of the money which had been paid into court, after the attorney's lien had been paid. There was also some testimony to the effect that when the money was paid into the county

court the judge thereof stated that he could not then make the entry, but would enter the fact of the payment by the garnishee and also its discharge from further liability. Upon service of a writ of garnishment the plaintiff in the suit in which the writ was issued becomes entitled to any and all rights of his debtor against the garnishee, and, if the disclosures of the latter are deemed incomplete, may commence a suit and therein enforce such rights. The plaintiff becomes practically an assignee of the claim of his debtor against the garnishee, and the debtor and the garnishee can not, by any subsequent agreement or understanding, destroy or essentially modify the claim. It is urged for the company that this doctrine, if enforced herein, deprives the company of the right to compromise with Zutavern "to buy its peace." It does not deprive it of its right "to buy its peace" of the proper parties, of those to whom it must answer and to whom it must make payment. No doubt a settlement, to be effective, should necessarily include Zutavern and his creditor, the plaintiff in the garnishment suit. The claim of Simpson for the money was made in an action which had proceeded to judgment, and had been fully determined. The time for intervention had passed, and there was no law or practice which gave the judge any jurisdiction over the matter of the claim to the money in the manner in which it was attempted to bring it before him. That the parties were present and made no objections, but participated in the trial, conferred no jurisdiction, and what was then decided constituted no adjudication of the rights of the parties in litigation in the case at bar.

The foregoing conclusions lead to the further one that there was no competent evidence to sustain the findings upon which the judgment herein, the subject of attack, was based. The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.