COLLOTON, Circuit Judge,
dissenting.
This appeal concerns a provision of the bankruptcy code, 11 U.S.C. § 522(h), that allows a debtor in bankruptcy to “avoid a transfer of property of the debtor” in certain circumstances where a trustee could avoid the transfer under 11 U.S.C. § 547. The property at issue here, according to debtors Brandon and Nicole Pierce, is $858.98 in wages that Brandon earned from his employer in six pay periods before the Pierces filed for bankruptcy. Collection Associates, Inc., a debt collection company, garnished those wages. All agree that the case comes down to whether a trustee would be precluded from avoiding the transfer of Brandon’s wages because “the aggregate value of all property that constitutes or is affected by such transfer is less than $600.” 11 U.S.C. § 547(c)(8). Collection Associates does not dispute that we should consider the value of multiple garnishments to determine the “aggregate value of all property” that constitutes or is affected by the transfer at issue here. See Elec. City Merch. Co. v. Hailes (Matter of Hailes), 77 F.3d 873, 875 (5th Cir.1996).
A “transfer” means, among other things, “each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with ... property *819 ... or ... an interest in property.” 11 U.S.C. § 101(54)(D). “A transfer is not made until the debtor has acquired rights in the property transferred.” 11 U.S.C. § 547(e)(3). “ ‘Property’ and ‘interests in property1 are creatures of state law,” where, as here, there is no governing federal definition. Barnhill v. Johnson, 503 U.S. 393, 397-98, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).
The better view of Nebraska law is that Brandon gained an interest in the wages as soon as he earned them by performing the requisite services for his employer. Under Neb.Rev.Stat. § 25-1558(4)(a), earnings are defined as “compensation paid or payable ... for personal services,” implying that an employee gains a right to the earnings or wages once they are earned. See Hogsett v. Credit Bureau of Scottsbluff Inc. (In re Hogsett), Case No. BK00-82678, A01-8034, 2001 Bankr.LEXIS 2149, at *4-5 (Bankr.D.Neb. Oct. 9, 2001). The Nebraska Supreme Court has also held that wages are deemed “payable” for purposes of an unemployment insurance benefits law when the wages are earned, not when remuneration is actually received, as “wages are tied to the week of work and not to the week in which they are paid.” Wadkins v. Lecuona III, 274 Neb. 352, 740 N.W.2d 34, 40 (2007). Brandon’s garnishor gained ownership of those wages as soon as Brandon earned them because a garnishor is “practically an as-signee of the claim of his debtor against the garnishee,” and thus possesses the same property rights in the wages as Brandon otherwise would. Chamberlain Banking House v. Reliance Ins. Co., 59 Neb. 195, 80 N.W. 822, 824 (1899); see also Smith v. Brooks, 154 Neb. 93, 47 N.W.2d 389, 394 (1951); In re Hogsett, 2001 Bankr.LEXIS 2149, at *5. Brandon’s rights to wages of $858.98 earned over the six pre-petition wage periods thus transferred to Collection Associates at the time the wages were earned. Cf. Morehead v. State Farm Mut. Auto. Ins. Co. (In re Morehead), 249 F.3d 445, 448 (6th Cir.2001) (applying Kentucky law).
The court assumes all of this is true, but rules that the Pierces cannot avoid the transfer because they do not seek to avoid two garnishments — totaling $296.20 — that the state court sent back to Brandon’s employer rather than to Collection Associates. The court reasons that the Pierces seek to avoid a transfer of only $562.78 based on the first four garnishments, and that because the aggregate value of all property constituting the transfer is less than $600, the debtors cannot avoid the transfer.
The Pierces’ Petition to Avoid Transfer, however, seeks to avoid the entire transfer of wages totaling $858.98. The Petition alleges in Paragraph 2 that the Pierces involuntarily transferred the following property to Defendant Collection Associates: (a) “Garnishments of money from Debtor, Brandon Pierce’s, paycheck in the amount of $592.40, which was received by the Defendant; and ” (b) “Garnishments of money from Debtor, Brandon Pierce’s, paycheck in the amount of $296.20, which amount was received by the Court after the filing of the Chapter 13 Petition and returned by the Court to Debtor’s employer.” App. 1 (emphasis added). The Pierces then prayed that the bankruptcy court “enter its Order avoiding the involuntary transfer of property from Debtor to Defendant, and ordering Defendant to return $592.40 to Debtor forthwith.” App. 2 (emphases added). The Petition, fairly read, plainly seeks to avoid the entire involuntary transfer alleged in Paragraph 2, in the amount of $858.98. That the Petition sought the return of only $592.40 merely reflects the fact that $296.20 already was returned to Brandon. There was no reason for the Pierces to seek *820 “return” of funds in Brandon’s possession, but the Petition did seek to avoid the entire transfer of $858.98.
The aggregate value of all property-transferred from the Pierces to Collection Associates was more than $600. The Pierces seek to avoid that transfer. Therefore, the prohibition on avoidance set forth at 11 U.S.C. § 547(c)(8) does not apply, and the debtors may avoid the transfer of Brandon’s wages. The judgment of the bankruptcy court, as affirmed by the Bankruptcy Appellate Panel, should be reversed.