**In re David Ray HOLYFIELD and Wilda Elaine Holyfield, Debtors.**

**David Ray HOLYFIELD, Movant,**

v.

**Virginia L. KNOPP, Respondent.**

Bankruptcy No. 85–B–0339.
Motion No. M85–0285B.

United States Bankruptcy Court,
D. Maryland.

July 5, 1985.

Jack I. Hyatt, Baltimore, Md., for movant/debtor, David Ray Holyfield.

Brian A. Blitz, Baltimore, Md., for respondent/creditor, Virginia L. Knopp.

Samuel J. Friedman, Baltimore, Md., for intervenor, Suzanne Cohen.

## ORDER GRANTING CREDITOR'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN AND RECOVER PREFERENTIAL TRANSFER

JAMES F. SCHNEIDER, Bankruptcy Judge.

The instant matter comes before the court upon the parties' joint motion for summary judgment upon the debtor's motion to avoid a judicial lien and to recover a preferential transfer in the amount of $466.19 representing wages garnished by the respondent/creditor within ninety days prior to the commencement of the case. The motion to recover preferential transfer will be dismissed for reasons stated in this Opinion.

FINDINGS OF FACT

1. The debtor, David Ray Holyfield, filed a voluntary Chapter 7 bankruptcy petition with his wife, Wilda Elaine Holyfield, in this Court on March 6, 1985.

2. Charles H. Slingluff, Esquire, was appointed interim trustee in bankruptcy of the debtors' estate by Order [P. 3] dated March 11, 1985.

3. In the debtors' Schedule B–4, they claimed as exempt garnished wages of the debtor David Holyfield in the amount of $466.15, pursuant to Maryland Courts and Judicial Proceedings Article, Section 11–504(b)(5).

4. The said wages were garnished by the respondent/creditor, Virginia L. Knopp, within ninety (90) days of the filing of the bankruptcy petition, pursuant to a judgment which she obtained against him. The debtors' Schedule A–2 indicates the amount of the judgment to be $2,640.00. The debtors' answer to Question 10 in their Statement of Affairs indicates that the judgment was obtained jointly against them in the District Court of Maryland for Baltimore County in Case No. 7973–84.

5. On April 8, 1985, the debtor David Ray Holyfield filed the instant motion to avoid the creditor's judicial lien pursuant to 11 U.S.C. § 522(h) and to recover from her his garnished wages as a preferential transfer pursuant to 11 U.S.C. § 547.

6. Mrs. Knopp defends on the basis of 11 U.S.C. § 547(c)(7) (1984), recently enacted by the Congress as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. That subsection limits the ability of a bankruptcy trustee to recover preferential transfers to those valued greater than $600. She asserts that the debtor's ability to recover the garnished wages in the instant case pursuant to § 522(h) is derived from that of the trustee, and is therefore circumscribed by § 547(c)(7). In other words, she contends that because the garnished wages are less

than $600, they are not subject to recovery by the debtor as a preference.

7. The parties filed a joint motion for summary judgment, each asserting that the only issue to be decided is one of law, the application of which to the facts of this case should result in a judgment favorable to either of them.

CONCLUSIONS OF LAW

1. The garnishment by Mrs. Knopp of the debtor's wages in the amount of $466.19 within 90 days of his filing of the instant bankruptcy petition was a preference.

2. The ability of the debtor to avoid such a preference pursuant to 11 U.S.C. § 522(h) is dependent upon the ability of the trustee in bankruptcy to do so pursuant to 11 U.S.C. § 547.

3. The Congress recently restricted the ability of the Trustee to avoid such a preference when it enacted 11 U.S.C. § 547(c)(7), pursuant to § 310 of the Bankruptcy Amendments and Federal Judgeship Act of 1984, as follows:

(c) The trustee may not avoid under this section a transfer ...

(7) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.

4. The effective date of the foregoing Amendment was October 8, 1984 as to cases filed on or after that date. Section 553(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Therefore, 11 U.S.C. § 547(c)(7) applies to the instant case because it was filed on March 6, 1985. See 4 *Collier on Bankruptcy* ¶ 547.03[6] (15th ed. 1984).

5. Because the ability of the debtor to avoid a preference is derivative of and dependent upon the ability of the trustee so to do, the debtor in this case may not recover his garnished wages.

6. The Court is convinced that this is a very undesirable result because it denies needy debtors, perhaps even the neediest, the ability to avoid and recover nominal preferences to which they would be otherwise entitled.

7. Nevertheless, this Court is not authorized to interpret the law as it would like it to be, but rather as it is. If the law is to be changed, the U.S. Congress must change it. The primary Congressional purpose of providing a fresh start for consumer debtors in Chapter 7 is ill-served by the limitation of § 547(c)(7) to which the debtor is subject. The net effect of such a constraint is that the debtor cannot maximize and make full use of the exemptions to which applicable law entitles him. This is clearly repugnant to the philosophy of the Bankruptcy Code, but is what its letter requires.

8. It is inconceivable to this Court that any Congressional purpose in enacting § 547(c)(7) to limit trustees' nominal preference-avoiding actions in consumer cases should be applicable to an identical action by a debtor. The interests of a debtor and a trustee are wholly different. A trustee is charged with maximizing a bankruptcy estate. A debtor files his or her case to obtain a fresh start by making full use of available exemptions.

9. This Court would like to say that the result of this case was not intended by Congress when it enacted 11 U.S.C. § 547(c)(7), and that the $600 minimum limitation on the recovery of preferences was intended to apply only to *voluntary* transfers made by debtors. Unfortunately, the words of the statute do not give rise to such an inference. The plain unequivocal words of the statute say what they say, with no room for accommodation to a contrary view. The argument by the intervenor, Susan Cohen, is unavailing.

10. The Motion for Summary Judgment filed by Virginia Knopp is granted and the instant motion of the debtor to avoid lien and avoid and recover preference is denied.

IT IS SO ORDERED.