**In re Anna Lee VICKERY, Debtor.**

**Thomas E. RAY, Trustee, Plaintiff,**

v.

**CANNON'S, INC., Defendant.**

Bankruptcy No. 1–85–00453.
Adv. No. 1–85–00228.

United States Bankruptcy Court,
E.D. Tennessee.

May 27, 1986.

Harold L. North, Jr., of Ray & North, P.C., Chattanooga, Tenn., for plaintiff.

John P. Neal, III, of Minor, Bell & Neal, Dalton, Ga., for defendant.

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The trustee in bankruptcy brought this suit to recover an alleged preferential payment to the defendant, Cannon's, Inc. Cannon's sells clothing and other consumer goods to consumers. It allowed the debtor to make purchases on account. The debt eventually became seriously past due. In December, 1984, the debtor directed that $957.45 of a loan to her be paid to Cannon's, Inc. The lender made the payment to Cannon's. The trustee seeks to recover it as a preferential transfer.

The parties agree, or do not dispute, that the payment satisfies the requirements of Bankruptcy Code § 547(b) for a preferential payment recoverable by the trustee. 11 U.S.C. § 547(b) & (f).

Cannon's originally argued that the payment cannot be recovered by the trustee because it is within the exception of § 547(c)(2) for payments in the ordinary course of its business and of the debtor's financial affairs. 11 U.S.C. § 547(c)(2)(A), (B). To be within the exception, the payment must also be made according to ordinary business terms. 11 U.S.C. § 547(c)(2)(C). For obviously good reasons, Cannon's abandoned this argument. The

only question is whether the exception in § 547(c)(7) protects $599.99 of the payment from recovery by the trustee. 11 U.S.C. § 547(c)(7). Section 547(c)(7) provides:

> The trustee may not avoid under this section a transfer ... if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.

The trustee admits that the debtor's debts are "primarily consumer debts".

Cannon's argues that this protects the payment up to $599.99 and allows the trustee to recover only the excess of $357.46. If Congress had intended the exception to mean this, it could easily have used the "to the extent" language that it used in the first five exceptions. 11 U.S.C. § 547(c)(1)–(5).

The wording of the exception clearly makes $600 a cut-off point on the trustee's right to recover and more importantly on his decision to bring suit. A payment of $599 is protected but a payment of $601 is not. Creditors who have received preferential payments of less than $600 can expect not to be sued by the trustee. Likewise, the trustee is given a good reason not to bring suit for amounts so small that litigation costs do not justify bringing suit. The legislative history is minimal, but the court believes this kind of cut-off point is exactly what Congress had in mind. The legislative history reflects that the exception was intended to stop recoveries by bankruptcy trustees of small installment payments made in the ninety days before bankruptcy. *In re Johnson*, 53 B.R. 919, 921 note 4. (Bankr.N.D.Ill.1985), *citing* S.Rep. No. 446, 97th Cong., 2d Sess. 24 (1982).

Cannon's argues that this interpretation of the exception is contrary to the equal-distribution policy of the preference statute. No matter how you read this exception, it will be contrary to the equal-distribution policy, but that is true of most of the exceptions in § 547(c). Cannon's interpretation of the statute would impinge more on the equal distribution policy than the court's interpretation. Consider this case. Cannon's argues that the exception prevents recovery of $599.99 and leaves only the balance of $357.46 as the trustee's potential recovery. This amount is small enough that the trustee might decide not to pursue it because of the cost of litigation. Thus, the entire payment of $957.45 would in effect be protected by the exception, rather than the entire amount being recoverable under the court's reasoning.

Furthermore, protecting $599.99 of every preferential payment by a consumer debtor could reduce recoveries more than protecting only payments of less than $600. Suppose the debtor pays three creditors $500 each. Each payment is preferential under § 547(b). The exception apparently applies to each payment separately. Thus, the trustee cannot recover $900.01, the amount by which the total of all the preferential payments exceeds $599.99. The trustee cannot recover any of the $1,500 in preferential payments. Suppose, however, the debtor pays $500 to one creditor and $1,000 to another. The trustee can recover the $1,000 under the court's interpretation of the exception but can recover only $400.01 under Cannon's interpretation. Which interpretation of the exception will allow the trustee to recover more depends on the facts of the particular case, but the court's interpretation should in the long run allow more recoveries by trustees and lessen the exception's adverse impact on the equal-distribution policy.

The exception has the potential for causing much dissatisfaction on the part of creditors who do not receive "small" preferences. Suppose the debtor makes preferential payments of $500 each to ten unsecured creditors while making no payments to ten other unsecured creditors. The ten creditors who received no payments will not be happy to learn that the trustee cannot recover the $5,000 paid to ten other creditors shortly before bankruptcy. This is a likely occurrence though probably on a smaller scale.

Another likely problem will be several payments, each less than $600, to the same creditor during the preference period. Suppose the debtor makes three monthly installment payments of $500 each during the preference period, and the debt is unsecured or the lien avoided by the trustee. The exception may mean that the payments cannot be recovered even though the creditor was paid $1,500 during the preference period. The answer is not clear.

Suppose the debtor in contemplation of bankruptcy decides to pay a debt to a family member in preference to other claims. The preference period for payments to an insider, such as a family member, is one year before bankruptcy, rather than 90 days. 11 U.S.C. §§ 101(28)(A) & 547(b)(4). In a year, the debtor could pay a substantial amount in payments less than $600 each.

Finally, it is not clear whether the court can treat several payments as one when the debtor makes them separately for the purpose of coming within the exception, even though the debtor could have made a single payment.

In summary, the exception is not limited to payments in the ordinary course of the debtor's financial affairs and appears to be unlimited as to the total amount of preferential payments that are protected so long as each is less than $600. Fortunately, the facts of this case present no difficult problems.

The trustee is entitled to recover as a preferential payment the full $957.45 paid to Cannon's.

Another payment of $14.78 was made after the debtor filed her bankruptcy petition. It was credited to the account on April 26, 1985, after the debtor filed her bankruptcy petition on March 11, 1985. The court infers that the payment was made from the debtor's postpetition income and therefore cannot be recovered as a postpetition transfer of property of the bankruptcy estate. 11 U.S.C. §§ 541(a)(6) & 549.

The court will enter judgment for the trustee for $957.45.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.