**In re Albert M. BUNNER, Laura L. Bunner, Debtors.**

No. 92–70740.

United States Bankruptcy Court, C.D. Illinois.

Sept. 24, 1992.

William A. Krajec, Springfield, Ill., for debtors.

John L. Swartz, Springfield, Ill., trustee.

Jerome Wolfson, Springfield, Ill., for Chrysler First Financial/Creditor.

## OPINION

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether two or more transfers to a single creditor within ninety (90) days of the filing of a bankruptcy petition may be added together for the purpose of reaching the $600 minimum of 11 U.S.C. § 547(c)(7).

The material facts are not in dispute. Chrysler First Financial is a creditor of the Debtors. Pursuant to a wage garnishment action, Chrysler First Financial was gar-nishing the wages of Debtor Albert M. Bunner at the rate of $67 per week. In January 1992, the Circuit Court ordered the turnover of $519 to Chrysler First Financial. Another $514 was ordered to be turned over to Chrysler First Financial on March 27, 1992. The Debtors filed their petition pursuant to Chapter 7 of the Bankruptcy Code on March 27, 1991. On July 27, 1992, the Debtors filed a motion to avoid the two transfers to Chrysler First Financial.

The Debtors motion to avoid the transfers was brought under 11 U.S.C. § 547(b). Although preference actions are normally filed by the Trustee, 11 U.S.C. § 522(b) permits a debtor to avoid a preference if the property sought to be turned over may be exempted by the debtor and the Trustee has not attempted to avoid the transfer. Since these conditions are met in this case, the Debtors are authorized to bring this action.

It is apparent that all the elements of a preference are present in this case. Within ninety (90) days of the filing of the petition, there were two transfers of funds to Chrysler First Financial, a creditor of the Debtors, for the benefit of Chrysler First Financial on account of an antecedent debt owed by the Debtors before the transfer was made and these transfers allowed Chrysler First Financial to receive more than it would have received had the transfers not been made. The Debtors are presumed to be insolvent pursuant to 11 U.S.C. § 547(f).

The only issue in this case is the applicability of 11 U.S.C. § 547(c)(7), which provides that a preference may not be avoided "in a case filed by an individual debtor whose debts are primarily consumer debts [where] the aggregate value of all property that constitutes or is affected by such transfer is less than $600". In this case, each transfer was for less than $600, but the aggregate of the two transfers exceeds the $600 minimum. Under these circumstances, the Court believes that the plain language of § 547(c)(7) mandates that both transfers be added together in determining whether the minimum of $600 has been

met.  In particular, the Court believes that the reference in the statute to "the aggregate value of all property" supports this conclusion.  Any other interpretation of the statute would render the "aggregate" language meaningless.

For the foregoing reasons, the Debtors' motion for turnover of funds is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.