In re Robert K. HOWES and Margaret J. Howes, Debtors.

Robert K. HOWES and Margaret J. Howes, Plaintiffs,

v.

HANNIBAL CLINIC, Defendant.

Bankruptcy No. 91–20276–172.
Adv. No. 91–2033–172.

United States Bankruptcy Court,
E.D. Missouri, N.D.

March 30, 1994.

David A. Sosne, St. Louis, MO, trustee.

Vicki A. Dempsey, Hannibal, MO, for debtors/plaintiffs.

James E. Cafer, Vandalia, MO, for defendant.

### MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the Adversary Proceeding filed on behalf of Robert K. Howes and Margaret J. Howes ("Debtors"). These determinations and this Order are based on a consideration of the record as a whole, including the memorandum submitted by Counsel for the Debtors and the memorandum submitted by Counsel for Hannibal Clinic ("Defendant").

This is a core proceeding pursuant to Section 157(b)(2)(F) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri. The designation of venue is appropriate pursuant to 28 U.S.C. § 1409.

The Debtors, individuals residing in Missouri, filed a voluntary Petition for Relief under Chapter 13 of Title 11 of the United States Code on June 21, 1991. The case was converted to a Chapter 7 proceeding on July 13, 1992.

Debtors have argued that involuntary preferential transfers totalling $925.81 were made to Defendant Hannibal Clinic within the 90–day period prior to Debtors' filing of bankruptcy. They claim that all requirements of 11 U.S.C. § 547 have been met and that the entire amount should be recovered and remitted to the Debtors.

The following is a synopsis of the events compiled from the Parties' Stipulation of Facts and the record as a whole.

| 11/29/90 | Non–Bankruptcy Judgment entered in favor of Defendant for amounts owed |
|---|---|
| 12/12/90 | Writ of Execution issued (return date of 3/21/91) |
| 12/12/90–3/15/91 | $495.58 withheld from wages |
| 3/16/91–3/21/91 | $54.10 withheld from wages |
| 4/1/91 | $549.68 paid over to court |
| 4/20/91 | $549.68 paid to Defendant |
| 4/16/91 | Second Writ of Execution issued (ended on 6/17/91 because fully paid) |
| 4/16/91–6/17/91 | $376.13 withheld from wages |
| 6/17/91 | $376.13 paid over to court |
| 6/21/91 | Chapter 13 Petition filed |
| 7/5/91 | $376.13 paid to Defendant |

The issue is whether a debtor in a Chapter 7 bankruptcy proceeding may avoid allegedly preferential transfers that are based upon a judgment creditor's service of a writ of garnishment in aid of execution. In deciding this issue, the Court must determine when the allegedly preferential transfers occurred, and whether or not the amounts of the transfers exceed the $600 aggregate value set out at 11 U.S.C. § 547(c)(7).

Federal law sets forth the circumstances that must be shown to have existed if a transfer of an interest of property of the debtor may be avoided. *See generally* 11 U.S.C. § 547. However, the initial question concerning the presence or absence of a debtor's interest in the property transferred is generally defined under state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

The Parties have concentrated their arguments on the question of when a garnishment of wages constitutes a transfer. Designating when a transfer occurs often depends on when a particular interest or event is deemed "perfected." A transfer is made under § 547:

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is **perfected** at, or within 10 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days;

11 U.S.C. § 547(e)(2)(A)–(B) (emphasis added).

Little disagreement exists that "a transfer ... is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." *Barnhill v. Johnson,* 503 U.S. ——, ——, 112 S.Ct. 1386, 1393, 118 L.Ed.2d 39 (1992) (Stevens, J., dissenting, citing 11 U.S.C. § 547(e)(1)(B)). In Missouri, service of a garnishment summons in aid of execution of a judgment and on intangible property creates a perfected lien on the indebtedness owed by the garnishee to the judgment creditor. *Dugan v. Missouri Neon & Plastic Advertising Co.,* 472 F.2d 944, 949 (8th Cir. 1973) (citing *Vittert Constr. & Inv. Co. v. Wall Covering Constr., Inc.,* 473 S.W.2d 799, 804 (Mo.Ct.App.1971)). Such lien cannot be impaired by subsequent action of others for the same fund. *Dugan,* 472 F.2d at 949; *Weiner v. Shredded Steel Products, Inc.,* 334 S.W.2d 390, 393 (Mo.Ct.App.1960). Therefore, under Missouri law, a transfer occurs when a writ of garnishment in aid of execution is served.

In the present case, writs of execution were issued and served on 12/12/90 and 4/16/91. On these dates, each lien became perfected for purposes of Section 547. No other creditor could subsequently impair

these liens; the transfers were complete for purposes of this consideration. *See In re Woodman*, 8 B.R. 686, 687 (Bankr.W.D.Wis. 1981). Therefore, the first transfer occurred on 12/12/90; the second occurred on 4/16/91.

A preferential transfer may be avoided under Section 547(b) if the transfer was made on or within 90 days before the date of the filing of the Bankruptcy Petition. 11 U.S.C. § 547(b)(4)(A). The Debtors here filed a Chapter 13 Petition on June 21, 1991. The December 12, 1990 transfer is clearly outside the 90 day period and therefore cannot be avoided under the Bankruptcy Code Section relied on by the Debtors. Notwithstanding the Court's determination that the second transfer was made within the 90 day period, the Defendant has argued that neither transfer involves $600 or more and, therefore, another transfer can be avoided. The Bankruptcy Code states that even if all of the conditions set forth in Section 547(b) are satisfied, a trustee may not avoid a transfer where "the aggregate value of all property that constitutes or is affected by such transfer is less than $600." 11 U.S.C. §§ 547(b), 547(c)(7).

■ Two individual transfers were perfected at two different times in this case. The aggregate value of the property transferred as a result of the writ of execution dated December 12, 1990 is $549.68. The aggregate value of the property transferred following the writ of execution dated April 16, 1991 is $376.13. Neither of these transfers was equal to or greater than $600, and therefore, neither transfer may be avoided pursuant to Section 547(c).

The Debtors have argued that all of the wages that were withheld constitute or were affected by a single transfer to the Defendant, and that, therefore, the aggregate value should be the sum of $549.68 and $376.13. This argument is not supported by law and is inconsistent with the concept of a perfected transfer described above.

1. The Panel unanimously finds this case suitable for decision without oral argument. Fed.

By separate order, the Debtor's request to avoid the prepetition transfers to the Defendant is denied.

### ORDER

On consideration of the record as a whole, and consistent with the Memorandum entered in this matter,

**IT IS ORDERED** that this matter is concluded; and that judgment on the Complaint of Robert K. Howes and Margaret J. Howes, Plaintiffs, is entered in favor of Hannibal Clinic, Defendant; and that the Plaintiffs' request to avoid certain prepetition transfers to this Defendant as set out in said Complaint is denied; and that Plaintiffs' other requests in this matter are denied; and

That costs are to be borne by the Parties.