In re James R. CLARK, Dorothy G. Clark, Debtors.

Russ WILKEY, Trustee, Plaintiff,

v.

CREDIT BUREAU SYSTEMS, INC., Defendant.

Bankruptcy No. 93–40595(3)7.
Adv. No. 94–4009.

United States Bankruptcy Court,
W.D. Kentucky.

Sept. 9, 1994.

Russ Wilkey, Trustee, Owensboro, KY, pro se.

John T. Reed, Paducah, KY, for defendant.

### MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Defendant, Credit Bureau Systems, Inc. for summary judgment and on the corresponding Motion of Plaintiff, Russ Wilkey, Trustee, for summary judgment. The precise issue in this case centers around an interpretation of 11 U.S.C. § 547(c)(7).

The facts of this case are quite simple. The Trustee has sued the Defendant to recover money from five (5) garnishments which were made within 90 days of filing as preferential transfers. The debtors filed bankruptcy on July 19, 1993. The money from the garnishments was received by the Defendant on the following dates in the amounts stated:

1). 4/29/93 $764.85

2). 5/27/93 $718.13

3). 6/03/93 $565.95

4). 6/17/93 $666.59

5). 7/06/93 $720.65

The transfers total $3,436.17. Defendant concedes that all but one transfer is preferential. We do not agree that the date of transfer is the date the creditor receives the money. In fact, the date of transfer is the date the garnishment lien is created, which under Kentucky law, is the date of service of the summons upon the garnishee. Ky.Rev.

Stat. § 425.506(1); *see also, In re Fagan,* 26 B.R. 212, 215 (Bankr.W.D.Ky.1982). In the case of wages, the lien is inchoate, that is, the lien attaches at the time the wages are earned. In this case only, we will accept the stipulation of the parties that the lien attached and the transfers occurred within the ninety (90) days immediately preceding the bankruptcy.

■ According to Defendant, the transfer made on 6/03/93 in the sum of $565.95 is excepted from the Trustee's avoiding powers under 11 U.S.C. § 547(c)(7). Appropriately, Defendant has voluntarily refunded $2,870.22 to the Trustee, and retained only the payment received on 6/03/93 in the sum of $565.95.

11 U.S.C. § 547(c)(7) provides:

The trustee may not avoid under this section a transfer—if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.

The precise issue in this case is whether each transfer (or garnishment) is treated separately for purposes of 11 U.S.C. § 547(c)(7), and thus whether the one transfer received on 6/03/93 in an amount under $600 is beyond the reach of the Trustee.

We note the lack of cases addressing this precise issue. However, we look to the case of *In re Vickery,* 63 B.R. 222 (1986), a bankruptcy case out of the Eastern District of Tennessee, for guidance. In the *Vickery* case, the bankruptcy court addressed the issue of the Trustee's recovery of the first $599.99 of a preferential payment in excess of $600. The *Vickery* court held that the creditor could not, pursuant to § 547(c)(7), retain the first $599.99 of the entire recoverable amount. *Id.* The court focused on the purpose of the statutory exception which prevents trustees from suing to recover small installment payments of less than $600 made in the ninety days before bankruptcy where the debtor's debts are primarily "consumer debts." *Id.* at 223.

In dicta, the *Vickery* court addressed the precise question we are presented today, namely, whether the under $600 exception applies to each transfer separately, and the court answered affirmatively. At least one well-recognized authority, Epstein, Nickles & White, has interpreted the dicta in *Vickery:* "the court projected that the exception would not only protect payments of $500 each to three different creditors; (c)(7) will also protect several payments, each less than $600, to the same creditor during the preference period." Epstein, Nickles & White on *Bankruptcy,* Vol. 1, § 6–37 (1992) (citing *Vickery* at 224). *See also, In re Howes,* 165 B.R. 270 (Bankr.E.D.Miss.1994) (holding that separate garnishments of less than $600 each would not be aggregated in order to cross the $600 minimum threshold, even though they were in satisfaction of the same debt) and *In re Irvine,* 95 B.R. 464 (Bankr.W.D.Ky.1988) (J. Wendell Roberts) (garnishments not avoidable as preferences where no garnishor obtained $600 or more).

We adopt *Vickery's* view of 11 U.S.C. § 547(c)(7) and feel it reflects the plain meaning of the statute. *See U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). We are mindful that a few cases construe the statute to the contrary but reject the underlying rationale that such judicial construction better reflects the purpose of the statute. Congress deliberated and they selected $600.00 as the cutoff, not $599.99, not $600.01, and not a combination of a bunch of transfers. The statute says transfer, not transfer*s.*

Accordingly, we find Defendant properly retained the payment of less than $600 received on 6/03/93 in the sum of $565.95. There are no genuine issues of material fact and the Defendant is entitled to judgment as a matter of law. The Court shall enter an Order consistent with the findings and conclusions of this Memorandum, awarding judgment in favor of Defendant and dismissing this adversary proceeding.