**In re Jesus ALARCON, Debtor.**

**Jesus ALARCON, Plaintiff,**

v.

**COMMERCIAL CREDIT CORPORATION f/d/b/a Barclays American Financial, Inc., Defendant.**

**Bankruptcy No. 7–94–13114 MR. Adv. No. 95–1026M.**

United States Bankruptcy Court, D. New Mexico.

Aug. 21, 1995.

Dorsett C. Bennett II, Roswell, NM, for plaintiff.

Steven R. Quintana, Albuquerque, NM, for defendant.

James E. Burke, Trustee, Albuquerque, NM.

## MEMORANDUM

MARK B. McFEELEY, Bankruptcy Judge.

This matter is before the Court upon cross-motions for summary judgment. The debtor, exercising the avoidance powers of a trustee, § 522(h), filed a complaint pursuant to 11 U.S.C. § 547(b) to set aside as a preference payments made to the defendant, Commercial Credit Corporation ("Commercial") resulting from a garnishment in the New Mexico state district court. The debtor claims the garnished funds as exempt. The issue before the Court is whether funds garnished by a creditor from the wages of a consumer debtor within ninety days of the filing of the petition fall within the exception to preferences created by § 547(b)(8), if the aggregate amount of the payments exceeds $600 but no single payment exceeds $600. The Court finds that the payments fall outside the exception and, therefore, the debtor should prevail on his complaint.

Section 547(b) of the Code provides that a trustee may avoid a transfer of a debtor's interest in property made to a creditor for an antecedent debt within 90 days of the filing of a bankruptcy petition. Section 547(c)(8) (formerly § 547(c)(7)), creates an exception to the preference rule by providing that the transfer is not avoidable "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600."

The following facts are undisputed. Commercial is a creditor of the debtor. The debtor filed his petition on December 1, 1994. Commercial received the following payments pursuant to the garnishment:

| | |
|---|---|
| 10/14/94: | $117.08 |
| 10/28/94: | $579.00 |
| 11/04/94: | $103.10 |
| 11/11/94: | $111.40 |
| 11/18/94: | $100.93 |
| 11/23/94 | $115.66 |
| | $1,127.77 |

The parties' arguments presume, and for purposes of this motion the court accepts, that all other elements of a preference are met in this case.

The debtor argues that the payments should be returned to the debtor because in the aggregate they exceed $600, and "aggregate" commonly is understood to mean a "combined whole." He cites to decisions in which a creditor is allowed to retain payments of *under* $600, arguing that by reverse implication these cases support his position that amounts over $600 are avoidable. *See, e.g. In re Holyfield,* 50 B.R. 695 (Bkrtcy. D.Md.1985) (garnishment payments of $466 held not avoidable by the trustee); *In re Passmore,* 156 B.R. 595 (Bkrtcy.E.D.Wis. 1993) (three prepetition transfers within preference period aggregating less than $600 held not avoidable). He also cites to the rule of construction set out in section § 102(7) providing that "the singular includes the plural" which, he argues, allows "transfer" to be read as "transfers."

Commercial argues that each payment was a separate "transfer" of less than $600 each and, therefore, none of them can be avoided. Commercial relies primarily on *In re Clark,* 171 B.R. 563 (Bkrtcy.W.D.Ky.1994), in which the court held that the $600 exception applied to each transfer separately, thereby permitting a creditor who had received multiple payments within the preference period to retain the one payment that was less than that amount.

The Court is unpersuaded by *Clark* and declines to follow its reasoning or result. First, it is distinguishable on the facts. In *Clark,* four of the five payments received exceeded $600, so that the issue was whether the creditor could retain only one payment, of $565.95. In the instant case, the creditor seeks to retain approximately $1,100. Second, the Court finds that the *Clark* court's reliance on dicta in *In re Vickery,* 63 B.R. 222 (Bkrtcy.E.D.Tenn.1986) is misplaced. In a well-reasoned analysis of the implications of the $600 exception the *Vickery* court observed:

Another likely problem [in making $600 a strict cut-off point] will be several payments, each less than $600, to the same creditor during the preference period. Suppose the debtor makes three monthly installment payments of $500 each during the preference period, and the debt is

unsecured or the lien avoided by the trustee. The exception may mean that the payments cannot be recovered even though the creditor was paid $1,500 during the preference period. *The answer is not clear* [emphasis added].

*Vickery,* 63 B.R. at 224. This Court agrees with the *Vickery* court that this result poses a "problem," and finds, unlike the *Clark* court, that the cited language should not be relied on as authority for Commercial's argument.

The Court also cannot accept Commercial's argument in light of the policy underlying [now] § 547(c)(8). In enacting this section in 1984, Congress clearly intended to permit relatively small transfers of the debtor's property before the filing of the petition to stand regardless of whether they have a preferential effect. *In re Johnson,* 53 B.R. 919 (Bkrtcy.N.D.Ill.1985). The exception was sponsored by the consumer credit industry, which justified it in part because existing law did not protect them from the receipt of installment payments on long-term debt; now "all consumer payments of less than $600" are protected.[1] Earlier proponents of a small preference exception proposed the limitation because of the relatively small amounts involved.[2] However, Commercial's position—that each payment garnished is, as a matter of law, a separate "transfer"—would allow it to recover much more than a "relatively small amount." In fact, if Commercial had received six payments of $599, as its argument permits, it could retain $3,594, precisely the "likely problem" identified in *Vickery.*

Commercial's construction of § 547(c)(8) also would render "aggregate" superfluous. This Court agrees with the court in *In re Bunner,* 145 B.R. 266 (Bkrtcy.C.D.Ill.1992) which, when confronted with similar facts (two garnishment payments, of $519 and

$514 respectively, made during the preference period), allowed the debtor to recover the funds:

> ...[T]he plain language of § 527(c)(7) [now § 547(c)(8) ] mandates that both transfers be added together in determining whether the minimum of $600 has been met. In particular, the Court believes that the reference in the statute to "the aggregate value of all property" supports this conclusion. Any other interpretation of the statute would render the "aggregate" language meaningless.

Other references to "aggregate" in the Code also support this conclusion. *See, e.g.* § 522(d)(3) (the debtor's interest, "not to exceed $400 in value in any particular item or $8,000 in *aggregate* value, in household furnishings," etc. may be exempted); § 522(d)(4) ("The debtor's *aggregate* interest, not to exceed $1,000 in value, in jewelry ..." may be exempted) (emphasis added).

The Court also finds that in this instance the Court may apply § 102(7) of the rules of construction, "the singular includes the plural," to allow "transfer" to be read as "transfers" in § 547(c)(8).

For the foregoing reasons, the Court concludes that, as a matter of law, the debtor may avoid the garnished payments. Commercial's motion for summary judgment is denied. An appropriate order shall enter.

---

1. Countryman, *The Concept of a Voidable Preference in Bankruptcy,* 38 Vand.L.Rev. 713, 812 (1985).

2. The Bankruptcy Commission had proposed a similar exception for all transfers of less than $1,000, not made to insiders, and not confined to consumer debtors or individuals, explaining that the exception of "relatively small" preferences would not "seriously impinge" on the preference policy and the expense of recovery is often disproportionate to the benefit to creditors. The National Bankruptcy Conference had recommended that the maximum exempt transfer be $500; for larger amounts, the trustee would have the responsibility of determining when litigation would be too burdensome. *Id.*