**In re Gary & Lynette DJERF, Debtors.**

**Julia A. CHRISTIANS, Trustee, Plaintiff,**

**v.**

**AMERICAN EXPRESS TRAVEL RELATED SERVICES, an American Express Company & ACB Business Services, Inc., Defendants.**

Bankruptcy No. 4–95–2851.
Adv. No. 4–95–276.

United States Bankruptcy Court,
D. Minnesota.

Nov. 14, 1995.

Julia A. Christians, Lapp, Laurie, Libra, Abramson & Thomson, Minneapolis, MN, for Plaintiff.

Scott R. Carlson, Holper, Welsh &. Mitchell, Ltd., Minneapolis, MN, for Defendant American Express Travel Related Services.

## ORDER

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on November 8, 1995, on a motion of the defendant, American Express Travel Related Services Company, Inc. ("American Express"), for dismissal of the Complaint for failure to state a claim and for improper venue pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1409(b), respectively. Appearances were noted in the record.

### FACTS AND POSITIONS OF THE PARTIES

The Complaint filed by the Chapter 7 Trustee, Julia A. Christians ("Trustee"), seeks to avoid and recover from the defendants pursuant to 11 U.S.C. §§ 547(b), 549, and 550(a), the value of a series of transfers made by the debtors, Gary and Lynette Djerf ("Debtors"). The Trustee alleges that within ninety days before the date of the filing of the petition, Debtors, while insolvent, transferred to the defendants the sum of $890.00 on account of an antecedent debt. The aforementioned sum was transferred prepetition on two separate occasions in the following amounts:

| Date of Transfer | Amount of Transfer |
|---|---|
| 4/10/95 | $690.00 |
| 5/24/95 | $200.00 |
| TOTAL | $890.00 |

Since the transfers enabled the defendants to receive more than they would otherwise receive in a Chapter 7, the Trustee contends that the transfers are preferential within the meaning of § 547(b) of the Bankruptcy Code. The Trustee further alleges that following the commencement of the case, the Debtors transferred to the defendants an additional $200.00. The Trustee contends that this transfer was an unauthorized postpetition transfer and avoidable pursuant to § 549(a). The aggregate amount that the Trustee seeks to avoid and recover for the benefit of the estate pursuant to §§ 547(b), 549(a), and 550(a) totals $1,090.00.

American Express, a New York Corporation which is headquartered in New York, argues that under § 547(c)(8), there is no preference with respect to *any individual transfer* whose value is less than $600.00 and, correspondingly, separate transfers of less than $600.00 to a single creditor may not be aggregated or combined in order to reach the section's minimum monetary threshold. Accordingly, American Express contends that since the plain language of § 547(c)(8) requires *each* transfer to a single creditor to exceed $600.00 in order to be avoidable, the subtraction of the $200.00 prepetition transfer from the total the Trustee can legitimately seek to recover ($890.00) requires that the case be dismissed in its entirety since venue is improper under 28 U.S.C. § 1409(b), which requires a trustee seeking a monetary recovery of less than $1,000.00 to commence the action in the district in which the defendant resides. *See* 28 U.S.C. § 1409(b).

## DISCUSSION

■ Section 547(b) of the Code enables a trustee in bankruptcy to avoid any transfer of a debtor's interest in property that is made to a creditor on account of an antecedent debt within ninety days of the commencement of the case. 11 U.S.C. § 547(b). The purpose of § 547(b) is to deter creditors from racing to the courthouse and dismembering or pressuring debtors during their slide into bankruptcy and to further the prime bankruptcy policy of equality of distribution among similarly situated creditors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 177–78, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6138. Section 547(c)(8), redesignated from paragraph (7) by the Bankruptcy Reform Act of 1994 and frequently referred to in bankruptcy parlance as the "small preference" exception, contains an exception to the trustee's avoiding power "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the *aggregate value* of *all* property that constitutes or is affected by such *transfer* is less than $600." 11 U.S.C. § 547(c)(8) (emphasis added).

It is clear that although one of the prepetition transfers in this case was for less than $600.00, the aggregate of the two prepetition transfers exceeds the statutory minimum. The issue before the Court is whether two or more transfers made to a single creditor during the prepetition preference period may be added together or aggregated for purposes of reaching the $600.00 monetary minimum of 11 U.S.C. § 547(c)(8). Although there is authority to the contrary, *see, e.g.,* Wilkey v. Credit Bureau Sys., Inc. (In re Clark), 171 B.R. 563 (Bankr.W.D.Ky.1994); *Howes v. Hannibal Clinic (In re Howes),* 165 B.R. 270 (Bankr.E.D.Mo.1994); *Ray v. Cannon's Inc. (In re Vickery),* 63 B.R. 222 (Bankr.E.D.Tenn.1986); and the issue appears to divide those few courts which have had occasion to consider it, this court is of the view that such transfers to a single creditor can be aggregated and follows those courts which have so concluded. *See, e.g.,* Alarcon v. Commercial Credit Corp. (In re Alarcon), 186 B.R. 135 (Bankr.D.N.M.1995); *In re Bunner,* 145 B.R. 266 (Bankr.C.D.Ill. 1992). *See also In re Passmore,* 156 B.R.

595 (Bankr.E.D.Wis.1993); *Lewis v. State Employees Credit Union of Maryland, Inc. (In re Lewis),* 116 B.R. 54 (Bankr.D.Md. 1990); *Holdway v. Duvoisin (In re Holdway),* 83 B.R. 510 (Bankr.E.D.Tenn.1988) (cases in dicta aggregating transfers for purposes of calculating the $600.00 minimum under § 547(c)(8)).

■ Courts interpreting the exception embodied in § 547(c)(8) and the paucity of legislative history surrounding its addition to the Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984 have generally concluded that its design is to permit a relatively small in dollar amount or a nominal prepetition transfer to a consumer creditor to withstand attack under § 547(b) notwithstanding its preferential effect. *See Johnson v. Ford Motor Credit (In re Johnson),* 53 B.R. 919, 921 & n. 4 (Bankr.N.D.Ill. 1985). *See generally* Vern Countryman, *The Concept of a Voidable Preference,* 38 Vand. L.Rev. 713, 812–15 (1985). The exception often operates as an adjunct to the "ordinary course of business" exception by reducing litigation over relatively nominal payments made to creditors in the ordinary course of the financial affairs of consumer debtors which do not seriously impinge upon the goals of equality of treatment and the avoidance of undue pressure for payment or the grab-bag effect. The small preference exception can also be justified on the grounds that the expense associated with the recovery of relatively small payments from individual creditors is often disproportionate to any eventual distribution to unsecured creditors as a class. Moreover, in many cases the costs associated with defending against such a preference attack would force creditors with small claims to capitulate to a trustee's demand for payment. Therefore, in the absence of the small preference exception, the mere threat of litigation would often effectively force small consumer creditors to waive any otherwise meritorious defense to a trustee's preference attack.

American Express argues that since the plain language of § 547(c)(8) uses the term "transfer" rather than "transfers," that *each* transfer must, as a matter of law, be considered *individually,* rather than aggregated,

and gauged against the $600.00 statutory minimum. Any transfer which is less than $600.00, reasons American Express, is not susceptible to avoidance and recovery as a preference and may be retained by the creditor. According to American Express, this holds true even if, for example, under an extremely unlikely scenario, a debtor makes ninety payments to a single creditor of $599.00 each during the applicable preference period as long as no single payment exceeds the $600.00 cut-off mark.[1]

The language of the statute itself and its ostensible purpose militates against the construction American Express urges and the reasoning embodied in the authority it cites, such as *In re Clark*, 171 B.R. 563 (Bankr. W.D.Ky.1994), as support for the proposition that the exception embodied in § 547(c)(8) applies to each payment or transfer separately. Section 547(c)(8) specifically addresses the "aggregate" value of "all" property that constitutes a transfer. The terms "aggregate" and "all" that Congress chose as a prerequisite to the application of an exception to otherwise preferential transfers would be essentially devoid of any meaning and rendered merely surplusage if the statute was to be construed in the fashion American Express argues is appropriate. *Accord In re Alarcon*, 186 B.R. 135, 137 (Bankr.D.N.M. 1995); *In re Bunner*, 145 B.R. 266, 267 (Bankr.C.D.Ill.1992). Moreover, the rules of construction found at § 102 of the Code further support the conclusion that multiple, discrete transfers to a single creditor made during the preference period may be aggregated when determining the applicability of the small preference exception since paragraph (7) of § 102 provides that when construing the statutory provisions of Title 11, "the singular includes the plural." 11 U.S.C. § 102(7). As such, the use of term "transfer" in § 547(c)(8) includes the plural, "transfers."

As a matter of policy, a single transfer interpretation of § 547(c)(8) seems inimical to one of the goals of preference law since it could actually encourage creditors to pressure debtors who are in financial straits into paying discrete transfers of less than $600.00 each. The Bankruptcy Code's definition of the term "transfer," found in § 101(54) and meant to include "every mode" of disposing or parting with property, is broadly defined and designed to preclude such ingenious methods of circumvention:

> "All technicality and narrowness of meaning is precluded. The word is used in its most comprehensive sense, and is intended to include every means and manner by which property can pass from the ownership and possession of another, and by which the result forbidden by the statute may be accomplished...."

*Katz v. First Nat'l Bank*, 568 F.2d 964, 969 n. 4 (2d Cir.1977) (quoting *Pirie v. Chicago Title & Trust Co.*, 182 U.S. 438, 444, 21 S.Ct. 906, 908–09, 45 L.Ed. 1171 (1901)), *cert. denied*, 434 U.S. 1069, 98 S.Ct. 1250, 55 L.Ed.2d 771 (1978). *Accord National Bank v. National Herkimer County Bank*, 225 U.S. 178, 184, 32 S.Ct. 633, 635, 56 L.Ed. 1042 (1912). An interpretation of § 547(c)(8) that permits the aggregation of transfers to a single creditor and operates to discourage such strategic transfers is therefore consistent with the broad definition that the term transfer is accorded in the context of avoidable preferences as well as the goals of preference law.

Accordingly, and for reasons stated, IT IS HEREBY ORDERED that the motion by American Express Travel Related Services Company, Inc., for a dismissal of the above-entitled adversary proceeding for failure to state a claim and for improper venue is DENIED.

SO ORDERED.

---

1. Under such an example, an unsecured creditor would be entitled to shield or exempt a payment stream which totals $53,910.00 from avoidance as a preference even though the transfers in all other respects satisfy the elements of § 547(b)—hardly the relatively small amount contemplated by the framers of the small preference exception!