### In re BAY AREA GLASS, INC., Debtor.

### Western States Glass Corporation of Northern California, Appellant,

v.

### Audrey J. Barris, Chapter 7 Trustee, Appellee.

### BAP No. NC–10–1525–PaJuH. Bankruptcy No. 10–52701–SJ.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 16, 2011.

Decided: June 28, 2011.

Amended: June 30, 2011.[1]

---

1. Amended to delete the word "statutory" at page 6, line 9.

Joseph Patrick Thompson, Gilroy, CA, argued for appellant, Western States Glass Corporation of Northern California.

Barry Milgrom of Luce, Forward, Hamilton & Scripps LLP, San Francisco, CA, argued for appellee, Audrey J. Barris.

Before: PAPPAS, JURY and HOLLOWELL, Bankruptcy Judges.

PAPPAS, Bankruptcy Judge.

Creditor Western States Glass Corp. of Northern California ("Western") appeals the decision of the bankruptcy court disallowing its secured claim under § 502(d) [2] because its judgment lien constituted an avoidable preference under § 547(b). Because § 547(c)(9) does not create an exception to avoidance under these facts, we AFFIRM.

## FACTS

On January 14, 2010, Western obtained a default judgment for $5,820.74 against Bay Area Glass, Inc. ("Debtor"), from the California Superior Court. [3] To aid in en-

---

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

3. The record in this appeal is sparse. The background information provided to the Panel consists of a copy of the Superior Court's form judgment. No information concerning the nature of the parties' state court dispute was provided.

forcing the judgment, Western obtained an "Order to Appear for Examination" ("ORAP") from the clerk of the state court, on February 19, 2010, directing a representative of Debtor to appear before the court to provide information about its assets. Debtor's agent was served with the ORAP on February 22, 2010.

Debtor filed a chapter 7 bankruptcy petition on March 18, 2010. Among other property, Debtor listed an $18,000 bank account on its schedule B. Western initially filed an unsecured proof of claim in Debtor's bankruptcy case on March 29, 2010, for $5,845.74.[4] On April 12, 2010, however, Western amended its proof of claim to assert a secured claim based on Cal.Code Civ. P. § 708.110(d), which provides that, when an ORAP is served on a judgment debtor, a lien is created on the debtor's personal property.

On October 13, 2010, the chapter 7 trustee, Audrey J. Barris ("Trustee"), filed an objection to Western's secured claim. Trustee acknowledged that service of the ORAP created a lien against Debtor's personal property under state law, including its bank account proceeds. However, Trustee asserted that Western's secured claim should be disallowed pursuant to § 502(d) because Western's lien constituted an avoidable preference under § 547(b). Western responded to Trustee's objection by conceding that $370.74 of its secured claim was avoidable and should be disallowed, but arguing that § 547(c)(9) creates an exception to Trustee's power to avoid the balance of its secured claim in the amount of $5,475.[5]

On December 8, 2010, the bankruptcy court conducted a hearing at which it sus-

tained Trustee's objection to Western's claim. An order disallowing Western's secured claim in full was entered on December 10, 2010. Western filed a timely appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334(b) and 157(b)(2)(B) and (F). The Panel has jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in determining that § 547(c)(9) does not create an exception, to the extent of $5,475, to a trustee's power to avoid any transfer in a nonconsumer bankruptcy case.

## STANDARD OF REVIEW

■ We review the bankruptcy court's interpretation of provisions of the Bankruptcy Code *de novo*. *Smith v. Rojas (In re Smith)*, 435 B.R. 637, 642–43 (9th Cir. BAP 2010) (citing *Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 113 (9th Cir. BAP 2007)).

## DISCUSSION

### I. *The language of § 547(c)(9) is clear.*

■ If no party in interest objects, a creditor's proof of claim is deemed allowed. § 502(a); *Poonja v. Alleghany Props. (In re Los Gatos Lodge, Inc.)*, 278 F.3d 890, 893–94 (9th Cir.2002) (quoting *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir.2000)). If an objection is made, a creditor's claim will not be allowed if the creditor has received an avoidable transfer. § 502(d);[6] *see general-*

---

4. Western's claim included the judgment amount, plus post-judgment court clerk's fees.

5. The § 547(c)(9) dollar limit is subject to periodic adjustment. *See* § 104(a). It was

$5,475 at the time Debtor's bankruptcy case was filed.

6. Section 502(d) provides:

*ly Comm. of Unsecured Creditors v. Commodity Credit Corp. (In re KF Dairies, Inc.)*, 143 B.R. 734, 735–37 (9th Cir. BAP 1992).

Section 547 of the Code governs preferences. In particular, a trustee may avoid as a preference any prepetition transfer of a debtor's interest in property that meets the requirements of § 547(b).[7] For preference purposes, a "transfer" includes both "voluntary and involuntary" transfers of an interest in the debtor's property via "the creation of a lien." § 101(54)(A), (D). *See Batlan v. Bledsoe (In re Bledsoe)*, 569 F.3d 1106, 1113 (9th Cir.2009) (explaining definition of "transfer" is extremely broad); *Hopkins v. SunTrust Mortg., Inc. (In re Ellis)*, 441 B.R. 656, 662 (Bankr.D.Idaho 2010) (explaining that BAPCPA amended the definition of "transfer" to include "the creation of a lien"). Western does not dispute that, under these facts, its acquisition of the lien satisfied the requirements of § 547(b) and constituted a preference. Instead, Western claims the benefit of an exception to a trustee's power to avoid a preference found in § 547(c)(9), which provides:

> The trustee may not avoid … a transfer if, in a case filed by a debtor whose

debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.

Western reads § 547(c)(9) to except from avoidance as a preference every transfer from a debtor to a creditor in nonconsumer cases to the extent of $5,475. The bankruptcy court disagreed with Western's construction of this statute, and so do we.

Interpretation of the Bankruptcy Code begins with an examination of its language. *Ransom v. FIA Card Servs., N.A.*, —— U.S. ——, 131 S.Ct. 716, 723–24, 178 L.Ed.2d 603 (2011) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). If that language, interpreted according to its plain meaning, is unambiguous, no further interpretation of the Code by the court is needed. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Bonner Mall P'ship v. U.S. Bancorp Mortg. Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 908 (9th Cir.1993). In other words, an interpretation of the Code's plain language, if not absurd, is sufficient, and courts may not rewrite the statute or insert additional

---

Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity … that is a transferee of a transfer avoidable under section … 547 … of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section … 550 … of this title.

7. Section 547(b) provides:

Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

 (A) on or within 90 days before the date of the filing of the petition; or

 (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

 (A) the case were a case under chapter 7 of this title;

 (B) the transfer had not been made; and

 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

words. *Lamie,* 540 U.S. at 538, 124 S.Ct. 1023.

Read plainly, the language of § 547(c)(9) provides a monetary threshold for determining which transfers are avoidable in nonconsumer bankruptcy cases.[8] Put another way, as applied, § 547(c)(9) protects transfers of less than $5,475 in amount from recovery by a trustee, even though they may otherwise meet the statutory requirements for a preference. By the same token, the statute provides that transfers of $5,475 or more are entirely avoidable.

When Congress intends to limit avoidance to only a portion of a particular transfer, it knows how to do so. Several § 547(c) avoidance exceptions include "to the extent" language limiting what portion of a particular transfer may be avoided. *See* § 547(c)(1)–(5), (c)(7). Of note, Congress did not include that language in § 547(c)(9). *See Hamilton v. Lanning,* —— U.S. ——, 130 S.Ct. 2464, 2472, 177 L.Ed.2d 23 (2010) (inferring from Congress' decision not to use particular language in one Code section that it did not intend to achieve the result produced by that language in other Code sections); *see also Ray v. Cannon's, Inc. (In re Vickery* ), 63 B.R. 222, 223 (Bankr.E.D.Tenn. 1986) (pointing out the absence of "to the extent" language in § 547(c)(8) while highlighting its presence in many of the other § 547(c) exceptions). We therefore infer that, because it omitted the "to the extent" language in § 547(c)(9), Congress did not intend to limit the avoidance of preferential transfers to the extent of $5,475. Rather, by not employing the limiting language, Congress expressed an intent to allow trustees to avoid entire transfers when the transferred amount was $5,475 or more.

For small-in-value preferential transfers, the litigation costs to pursue or defend against trustee avoidance actions is typically not justifiable compared to any benefit that may inure to the prevailing party as a result of such actions. *See In re Vickery,* 63 B.R. at 223 (discussing the likely policy reasons for a similar monetary threshold for avoidance of preferences in consumer debt cases). A policy that discourages litigation over relatively insignificant transfer amounts may promote commercial and judicial efficiency, not only by reducing litigation over nominal amounts, but also by preventing creditors with smaller claims from waiving otherwise meritorious defenses simply because the costs associated with defending against trustees' avoidance actions exceed any anticipated benefits. *Christians v. Am. Express Travel Related Servs. (In re Djerf),* 188 B.R. 586, 588 (Bankr.D.Minn.1995) (discussing the policy behind § 547(c)(8)'s preference threshold in consumer bankruptcy cases). Interpreting § 547(c)(9) consistently with that policy is not absurd.

While Western's interpretation of § 547(c)(9) is also not absurd, it would require the Panel to add to the statute's language to provide, in essence, that "the trustee may not avoid any portion of a transfer, in a case filed by a debtor whose debts are not primarily consumer debts, to the extent the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475." The Panel declines to adopt such a construction. The statute's language is plain and provides an appropriate result without such additions.

**II. *Decisions interpreting § 547(c)(8) support the bankruptcy court's interpretation of § 547(c)(9).***

 Section 547(c)(9) was adopted as part of the Bankruptcy Abuse Prevention

---

**8.** The parties do not dispute that this was a business bankruptcy case, or, in other words, a case in which the debts were not primarily consumer debts.

and Consumer Protection Act of 2005 ("BAPCPA"). Pub. L. 109–8, 119 Stat. 23 § 409 (Apr. 20, 2005). Few courts have interpreted this provision of the Code, and those that did focused on whether transfers may be aggregated to reach the § 547(c)(9) "monetary floor," rather than analyzing the purpose of the $5,475 figure. *See, e.g., Transcon. Refrigerated Lines, Inc. v. Dantone (In re Transcon. Refrigerated Lines, Inc.),* 438 B.R. 520, 521–22 (Bankr.M.D.Pa.2010) (discussing aggregation, noting the Court had "not found any reported cases analyzing [§ ] 547(c)(9)"). But, while there is a dearth of § 547(c)(9) decisional analysis, our reading of this statute is buoyed by the courts' interpretations of § 547(c)(8), the language of which mirrors § 547(c)(9) with two exceptions: its lower monetary amount, and its application solely to consumer cases. Where Congress employs the same language in sequential subsections of a statute, we may infer that it intended the same meaning for the language in both subsections. *See N. Sports, Inc. v. Knupfer (In re Wind N' Wave),* 509 F.3d 938, 944 (9th Cir.2007); *Samson v. W. Capital Partners, LLC (In re Blixseth),* 454 B.R. 92, 97–98 (9th Cir. BAP 2011) (citing *Consol. Freightways Corp. of Del. v. Aetna, Inc. (In re Consol. Freightways Corp. of Del.),* 564 F.3d 1161, 1165 (9th Cir.2009)).

Section 547(c)(8) provides:

The trustee may not avoid ... a transfer if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600[.]

One of the first decisions to interpret this language [9] was a case involving facts very similar to those in the present case. In *Vickery,* the debtor paid a creditor $957.45 within ninety days of filing for bankruptcy relief, and the trustee sought to recover the transfer as a preference. 63 B.R. at 222. In defense, the creditor argued that the language of what is now § 547(c)(8) protected all preferential transfers up to $599.99, such that the trustee could only avoid the excess above that amount. *Id.* at 223.

The *Vickery* court concluded that $600 was a threshold, distinguishing transfers that may be avoided from those that may not:

The wording of the exception clearly makes $600 a cut-off point on the trustee's right to recover and more importantly on his decision to bring suit. A [transfer] of $599 is protected but a [transfer] of $601 is not. Creditors who have received preferential [transfers] of less than $600 can expect not to be sued by the trustee. Likewise, the trustee is given a good reason not to bring suit for amounts so small that litigation costs do not justify bringing suit.

*In re Vickery,* 63 B.R. at 223. Many other decisions have come to the same conclusion. *Maus v. Joint Twp. Dist. Mem'l Hosp. (In re Maus),* 282 B.R. 836, 840 (Bankr.N.D.Ohio 2002) ("[N]owhere in the statute is it stated or even implied that the recovery of a preference may only be for the amount which is in excess of the [s]ix [h]undred dollar ($600.00) threshold of § 547(c)(8). "); *In re Djerf,* 188 B.R. at 588 ("Courts interpreting the exception embodied in § 547(c)(8) ... have generally concluded that its design is to permit a relatively small in dollar amount or a nominal prepetition transfer to a consumer creditor to withstand attack under

---

**9.** When *Vickery* was decided, this provision appeared as § 547(c)(7) in the Code. It was renumbered in 1994.

§ 547(b) notwithstanding its preferential effect."); *Via v. Colonial Am. Nat'l Bank (In re Via)*, 107 B.R. 91, 95 (Bankr. W.D.Va.1989) (finding § 547(c)(8) does not provide a $600 "safe harbor" every time a transfer is made, and that, "in light of the [statute's] clear wording," transfers greater than $600 are entirely avoidable); *Johnson v. Ford Motor Credit Co. (In re Johnson)*, 53 B.R. 919, 921 (Bankr.N.D.Ill.1985) ("[Section 547(c)(8)'s] language clearly and unambiguously expresses Congress's intent to permit relatively small transfers of the debtor's property before the filing of the bankruptcy petition to stand regardless of whether they have the effect of preferring one creditor over another.").

Section 547(c)(8) is not implicated in this appeal. But its language, in all relevant respects, is identical to § 547(c)(9), and the two Code provisions should be interpreted in like fashion. Consistent with the decisions construing § 547(c)(8), the Panel concludes that, in nonconsumer cases, § 547(c)(9) clearly and unambiguously expresses Congress' intent to prevent trustees from avoiding transfers of less than $5,475, even though those transfers are otherwise preferences. Had Congress intended that a safe harbor be established to insulate all transfers from avoidance up to $5,475, it would have clearly said so.

## CONCLUSION

The bankruptcy court did not err in its interpretation of § 547(c)(9) or in determining that the transfer by which Western gained its lien was avoidable by Trustee. As a result, the bankruptcy court correctly disallowed Western's secured claim under § 502(d). We AFFIRM the decision of the bankruptcy court.