United States Court of Appeals,
Fifth Circuit.

No. 95-60180.

In the Matter of Sherry HAILES, Debtor.

ELECTRIC CITY MERCHANDISE COMPANY, Appellant,

v.

Sherry HAILES, Appellee.

March 18, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Electric City Merchandise Company ("Electric City") appeals the bankruptcy court's judgment, affirmed by the district court, holding that Sherry Hailes may recover her garnished wages, pursuant to 11 U.S.C. § 547(b). We affirm.

Electric City obtained a judgment against Hailes and served a writ of garnishment upon her employer. Pursuant to the writ, Electric City received, in the aggregate, over $600. However, each individual payment was less than $600. Hailes then filed for protection under Chapter 13 of the Bankruptcy Code and objected to Electric City's secured claim.[1] Hailes contended that the funds that were garnished within the ninety-day period immediately

---

[1]Instead of objecting to Electric City's claim, Hailes should have attempted to avoid the preferential transfer to Electric City pursuant to 11 U.S.C. § 547, as required by Bankruptcy Rule 7001. However, in the interest of judicial economy, the bankruptcy court elected to consider Hailes' objection as if she had followed the proper procedure.

1

preceding her bankruptcy petition constituted a "preferential transfer," avoidable under 11 U.S.C. § 547(b).  Section 547(b) allows a trustee to avoid a transfer to a creditor of a debtor's interest in property for an antecedent debt made within ninety days of the filing of a bankruptcy petition.[2]  Because the trustee did not elect to pursue the collection of the garnished proceeds, Hailes contended that she was entitled to the proceeds pursuant to 11 U.S.C. § 522(h).  The bankruptcy court sustained Hailes'

---

[2]Section 547(b) defines "preferential transfer" as:

any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;  or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;  and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made;  and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

2

objection and held that Hailes could recover the amounts withheld from her wages, pursuant to 11 U.S.C. § 547(b). Electric City appealed the matter to the district court, and the district court affirmed the bankruptcy court's judgment. Electric City filed a timely appeal.

The parties agree that the garnished proceeds constitute a preferential transfer under § 547(b); however, Electric City contends that the proceeds fall under an exception to the preference rule which makes them unavoidable. Section 547(c)(8) of Title 11 makes a transfer unavoidable "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." 11 U.S.C. § 547(c)(8). Electric City argues that in determining whether a creditor has received $600 in value, a court must focus on each individual transfer. Because each of the individual transfers of Hailes' garnished wages were less than $600, Electric City maintains that each transfer is exempt from the preference rule under § 547(c)(8). Hailes argues that the transfer in this case was the writ of garnishment; therefore, the aggregate value of the transfer should be measured by the sum of all of the payments. Under Hailes' theory, the aggregate value of the transfer exceeded $600, and § 547(c)(8) would not exempt the garnished proceeds from the preference rule.

Therefore, the sole issue on appeal is whether, under § 547(c)(8), a court may aggregate all transfers to a single creditor to determine whether the creditor received $600 in value in the

3

pre-filing period or whether each transfer must be evaluated individually. The issue has divided the few courts that have considered it. *Compare In re Djerf,* 188 B.R. 586, 588 (D.Minn.1995) (holding that debtor can aggregate multiple transfers to a single creditor in ninety-day pre-filing period to meet § 547(c)(8)'s $600 requirement); *In re Alarcon,* 186 B.R. 135 (D.N.M.1995) (same); *In re Bunner,* 145 B.R. 266, 267 (C.D.Ill.1992) (same) *with In re Clark,* 171 B.R. 563 (W.D.Ky.1994) (holding that debtor cannot aggregate multiple transfers to a single creditor in ninety-day pre-filing period to reach § 547(c)(8)'s $600 requirement); *In re Howes,* 165 B.R. 270 (E.D.Mo.1994) (same). We conclude that the plain meaning of § 547(c)(8) and the legislative history of that provision allow multiple transfers to a single creditor made during the preference period to be aggregated when determining whether the $600 threshold has been met.

Section 547(c)(8) applies when the "aggregate value" of "all property" that constitutes or is affected by a "transfer" is less than $600. If each payment or transfer to a single creditor had to be considered individually for purposes of the $600 requirement, the terms "aggregate" and "all" would be meaningless. *Djerf,* 188 B.R. at 588; *Bunner,* 145 B.R. at 267. Moreover, § 102(7) of the Rules of Construction for the Bankruptcy Code supports the conclusion that multiple transfers to a single creditor should be aggregated under § 547(c)(8). Section 102(7) states that "the singular includes the plural." Under this rule of construction,

4

the term "transfer" in § 547(c)(8) can mean more than one transfer. Therefore, the aggregate value of several transfers should be considered to determine whether a creditor has received $600 in value.

Section 547(c)(8)'s legislative history further supports our conclusion. In enacting this exception to the preference rule, Congress intended to allow debtors to transfer *small amounts* of money to consumer creditors before the filing of a bankruptcy petition, despite the fact that the transfers might have a preferential effect. *Alarcon,* 186 B.R. at 137. However, if we were to consider all transfers to a single creditor within the ninety-day pre-filing period individually in calculating whether the creditor has received $600, a consumer creditor could recover thousands of dollars from a pre-petition debtor under this small preference exception simply by requiring the debtor to transfer $599 in value at a time. Such an interpretation would clearly be contrary to Congress' intentions.

Aggregating all transfers to a creditor in the pre-filing period to determine whether the creditor has received $600 will preserve consumer creditors' small preference exception without creating a windfall. Because Electric City received pre-petition transfers whose aggregate value exceeded $600, we hold that Hailes may recover these amounts pursuant to 11 U.S.C. § 547(b).

For the foregoing reasons, we AFFIRM the judgment of the district court.