# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6042

_____

In re: Michael Stephen McCarthy

*Debtor*

------------------------------

Michael Stephen McCarthy

*Plaintiff - Appellant*

v.

Brevik Law

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 1, 2013
Filed: October 28, 2013

_____

Before FEDERMAN, Chief Judge, SCHERMER and SALADINO, Bankruptcy
Judges.

_____

SCHERMER, Bankruptcy Judge

Chapter 13 debtor, Michael Stephen McCarthy (the "Debtor"), appeals from the judgment of the bankruptcy court dismissing the Debtor's adversary proceeding in which the Debtor sought to avoid the statutory attorney fee lien of Brevik Law ("Brevik"). We have jurisdiction over this appeal from the final judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we set aside the bankruptcy court's dismissal of the Debtor's adversary proceeding and remand this matter to the bankruptcy court for further proceedings consistent with this decision.

## ISSUE

The issue in this appeal is whether the Debtor had standing under Bankruptcy Code § 522(h) to bring his action under Bankruptcy Code § 545(2).

## BACKGROUND

On April 16, 2012, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Brevik objected to confirmation of the Debtor's Chapter 13 plan. The Debtor then commenced his adversary proceeding, seeking to avoid the fixing of an attorney's lien held by Brevik against the Debtor's homestead. The complaint in the adversary proceeding states that it is "filed pursuant to [Bankruptcy Code] §§ 522(h), and 545(2), and Federal Rule of Bankruptcy Procedure 7001, to avoid a statutory attorney's lien against Debtor's homestead on the grounds that such liens are unenforceable against debtors' homesteads in Minnesota absent a specific written waiver of homestead exemption."

Prior to the petition date, the Debtor hired Brevik as his counsel in a marital dissolution action. Ultimately, the state court entered a decree dissolving the Debtor's marriage. The Debtor received directly (rather than through a transfer from an IOLTA account at Brevik) funds from his former wife's 401(k) account.

At the request of the Debtor, Brevik withdrew from the position as the Debtor's counsel in the state court proceedings, even though the Debtor had not made payment

in full for fees owed to Brevik. Thereafter, on September 30, 2010, the Debtor used the 401(k) funds to buy a 1987 Chief Bonnevilla (the "Property"). The parties agreed in a stipulation filed on the bankruptcy court's docket that the Property has constituted the Debtor's homestead since he purchased it in 2010.

Due to the Debtor's failure to pay amounts owed to Brevik, Brevik sought pursuant to state law to impress an attorney fee lien on the Property. At an evidentiary hearing in state court to establish and foreclose the attorney's lien, the Debtor appeared *pro se.* Ultimately, the state court entered a judgment against the Debtor for attorney fees owed to Brevik, allowing Brevik to enter the judgment as liens against property of the Debtor. Brevik perfected the lien against the Property. The parties agreed in a stipulation filed in the bankruptcy court that "[t]his lien is an attorney's lien created pursuant to Minn. Stat. § 481.13," and that the lien "constitutes a statutory lien as defined by 11 U.S.C. § 101(53)."

In his bankruptcy schedules, the Debtor listed his ownership of the Property, and claimed it as exempt under Bankruptcy Code § 522(d)(1) for the full value he attributed to it: $16,960. As the bankruptcy court found, Brevik did not file an objection to the Debtor's scheduled claim of an exemption in the Property.

The bankruptcy court entered an order and a judgment dismissing the Debtor's adversary proceeding and denying confirmation of the Debtor's Chapter 13 plan. Although the bankruptcy court stated that it addressed "whether a Chapter 13 debtor has to ability to eliminate a statutory lien by utilizing 11 U.S.C. § 545 as provided for under 11 U.S.C. § 522(h) . . . .," in reality, its decision concerned only whether, as a general matter, a Chapter 13 debtor has the power to exercise the trustee's avoidance powers, such as those set forth in Bankruptcy Code § 545. It provided no analysis of whether the Debtor met the requirements of Bankruptcy Code § 522(h) to establish standing to bring the § 545 action. The court held that the Debtor "lacks the authority and ability to exercise the strong-arm powers of the trustee to defeat a statutory lien

3

that was properly perfected and enforceable at the time his bankruptcy proceeding was commenced."

The Debtor appealed the bankruptcy court's decision dismissing the Debtor's adversary proceeding.[1]  The Debtor submitted a brief and presented oral argument before us.  Brevik did not participate in the appeal.

**STANDARD OF REVIEW**

The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*.  *Seaver v. New Buffalo Auto Sales (In re Hecker),* 496 B.R. 541, 548 (B.A.P. 8th Cir. 213) (citation omitted).

**DISCUSSION**

Generally, a Chapter 13 trustee has standing to bring certain avoidance actions, such as actions under Bankruptcy Code § 545(2).  Section 545(2) provides that:

> The *trustee* may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien . . . is not perfected or enforceable at the time of commencement of the case against a bona fide purchaser that purchased such property at the time of commencement of the case . . . .

11 U.S.C. § 545(2) (emphasis added).

Bankruptcy Code § 522(h) allows *debtors* to avoid certain transfers of exempt property.  A debtor may have standing under § 522(h), to bring certain avoidance actions, such as those under § 545.  That section provides authority for a debtor to avoid a transfer of the debtor's property:

---

[1]  Recognizing that the denial of confirmation of the Debtor's plan was not a final order for the purposes of appeal, the Debtor did not appeal the denial of confirmation of his Chapter 13 plan.

to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if -

(1)  such transfer is avoidable by the trustee under section 544, 545, 547,548, 549 or 724(a) of this title. . . ; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).  In turn, § 522(g)(1) states that:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if–

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; . . . .

11 U.S.C. § 522(g)(1).  Therefore, a debtor has standing to bring an avoidance action under § 522(h) when:

(1) the debtor's transfer of property was involuntary; (2) the debtor did not conceal the property; (3) the trustee did not attempt to avoid the transfer; (4) the debtor seeks to exercise an avoidance power enumerated under § 522(h); and (5) the transferred property could have been exempted if the trustee had avoided the transfer under the provisions of § 522(g).

*LaBarge v. Benda (In re Merrifield)*, 214 B.R. 362, 365 (B.A.P. 8th Cir. 1997) (citing *DeMarah v. United States (In re DeMarah*), 62 F.3d 1248, 1250 (9th Cir. 1995), for the five-part test).

The Debtor's § 545(2) action meets each requirement of the five-part test. First, the fixing of Brevik's attorney's lien on the Property was not a voluntary transfer. *See* 11 U.S.C. § 101(54) (defining the term "transfer" broadly). The parties agree that the lien is an attorney's lien under MINN. STAT. § 481.13, and that the lien is a statutory lien under Bankruptcy Code § 101(53). They also agree that the Debtor appeared at an evidentiary hearing before the state court whereby Brevik sought to establish and foreclose the attorney's lien, and after which judgment was entered in favor of Brevik and the lien was perfected. *See Dickson v. Countrywide Home Loans (In re Dickson*), 655 F.3d 585, 593 (6th Cir 2011) (Noting that the term "voluntary" is not defined in the Bankruptcy Code, and recognizing that bankruptcy courts have held that when property is transferred by operation of law, the transfer is usually involuntary).

Second, the Debtor did not conceal the property. As the bankruptcy court found, the Debtor listed his ownership of the Property on his bankruptcy schedules. *See In re Steck*, 298 B.R. 244, 248 (Bankr. D. N.J. 2003) (property not concealed when it was listed on bankruptcy schedules). Third, the record does not reflect an attempt by the trustee to avoid Brevik's lien. Fourth, the avoidance power that the Debtor seeks to exercise is the power under § 545(2), which is clearly included under § 522(h).

Fifth, the transferred Property could have been exempted if the trustee had avoided the transfer. Section 522(h) directs an inquiry of whether the Debtor would have been able to exempt the property under section 522(g) if the trustee had avoided the relevant transfer. 11 U.S.C. § 522(h). Section 522(g)(1) permits a debtor to "exempt under subsection (b) of [§ 522] property that the trustee recovers under

section . . . 550, 551. . . , to the extent that the debtor could have exempted such property under subsection (b) of [§ 522] if such property had not been transferred." 11 U.S.C. § 522 (g)(1). Sections 550 and 551 both refer to avoidance under § 545. 11 U.S.C. §§ 550(a) and 551.[2]

There is no basis in the record upon which the Property would have been disqualified from being exempt if the trustee had avoided Brevik's lien. Section 522(b) permits a debtor to use certain exemptions, and generally, a debtor may exempt property that is exempt under § 522(d). 11 U.S.C. §§ 522(b) and (d). The amount of the exemption claimed by the Debtor under § 522(d)(1) is within the statutory limit allowed under that section, and the parties stipulated that the Property is the Debtor's homestead.

Having established that the Debtor had standing to bring his adversary proceeding, it is for the bankruptcy court to decide the merits of the Debtor's action.

## CONCLUSION

For the reasons stated, we set aside the bankruptcy court's dismissal of the Debtor's adversary proceeding, and we remand this matter to the bankruptcy court for further proceedings consistent with this decision.

---

[2] *See also* 11 U.S.C. §§ 552(i)(1) and (2) (addressing recovery by and preservation for debtor).