# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6048

_____

In re: Brandon G. Pierce; Nicole L. Pierce

*Debtor*s

------------------------------

Brandon G. Pierce; Nicole L. Pierce

*Plaintiffs - Appellants*

v.

Collection Associates, Inc.

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Lincoln

_____

Submitted: December 10, 2013
Filed: January 30, 2013

_____

Before FEDERMAN, Chief Judge, KRESSEL and SHODEEN, Bankruptcy
Judges.

_____

KRESSEL, Bankruptcy Judge.

The debtors, Brandon G. Pierce and Nicole L. Pierce, appeal from an order of the bankruptcy court[1] denying their complaint to avoid and recover transfers of wages to the appellee, Collection Associates, Inc.. For the reasons that follow, we affirm.

BACKGROUND

On December 10, 2012, the Pierces filed a chapter 13 bankruptcy petition. Prior to the petition, Collection Associates filed a collection suit against Brandon Pierce in Nebraska state court and obtained a judgment. Pursuant to a Nebraska court order Collection Associates garnished Pierce's employment wages. The garnishment occurred partially during the 90 days prior to the bankruptcy filing. The garnishments that took place during that time were in the following amounts:

| Payroll Week Ending | Check Date | Amount Garnished |
|---------------------|------------|------------------|
| 1. 9/23/2012 | 9/28/2012 | $118.48 |
| 2. 10/7/2012 | 10/12/2012 | $148.10 |
| 3. 10/21/2012 | 10/26/2012 | $148.10 |
| 4. 11/4/2012 | 11/9/2012 | $148.10 |
| 5. 11/18/2012 | 11/23/2012 | $148.10 |
| 6. 12/2/2012 | 12/7/2012 | $148.10 |

The total amount of the wage garnishments was $858.98. However, Collection Associates did not receive that entire sum. Pursuant to Neb. Rev. Stat. Section 25-1056, wages that are withheld by a garnishee must first be transferred to the court for delivery to the judgment creditor. At the time of the bankruptcy filing the court had only received and delivered $562.78 to Collection Associates.

Two days after the bankruptcy filing, on December 12, 2012, the court received a check for $148.10 from Pierce's employer, the garnishee. It did not deliver these

---

[1] The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

funds to Collection Associates. On December 21, 2012, Collection Associates filed a cancellation of garnishment. Despite the cancellation, on December 26, 2012, the court received another check for $148.10 from the garnishee. These funds also were not transferred to Collection Associates. Instead, the court returned the two checks to the garnishee. The garnishee then directly refunded the checks to Pierce.

On February 13, 2013, the Pierces filed an adversary proceeding seeking an order avoiding the transfers of the garnished funds and requiring Collection Associates to return $562.78 to them.[2] On June 20, 2013, the parties submitted a statement of stipulated facts. The case was tried on those stipulated facts on August 21, 2013. The bankruptcy court held that the transfers were not avoidable. On September 3, 2013, the Pierces filed a timely notice of appeal.

Meanwhile, on August 21, 2013, the chapter 13 trustee filed a notice of payment default. The Pierces failed to cure the default and on September 25, 2013 the bankruptcy case was dismissed. On October 23, 2013, the Pierces filed a "motion to reinstate" their case. On November, 14, 2013, that motion was granted.

STANDARD OF REVIEW

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000).

We may affirm the bankruptcy court's order on any basis supported by the record, even if that ground was not considered by the trial court. *Mid-City Bank v. Skyline Woods Homeowners Assoc. (In re Skyline Woods County Club, LLC)*, 431 B.R. 830, 836 n.16 (B.A.P. 8th Cir. 2010).

---

[2] It is unclear what standing Nicole Pierce had in this adversary proceeding. The garnishment was solely of Brandon Pierce's employment wages.

ANALYSIS

*Mootness*

Collection Associates argues that this appeal is moot because on September 25, 2013 the bankruptcy case was dismissed. However, Collection Associates fails to address the fact that the Pierces' "motion to reinstate" the case was granted. There is really no such procedure as "reinstating" a case. In effect, when the court granted the "motion to reinstate" the order of dismissal was vacated. *See* F. R. Bank. P. 9023. Therefore this appeal is not moot.

*Avoidance of Transfers*

Section 547(b) of the Bankruptcy Code provides that a trustee may avoid any transfer of an interest of the debtor in property:

>  (1) To or for the benefit of a creditor;
>  (2) For or on account of an antecedent debt owed by the debtor before such transfer was made;
>  (3) Made while the debtor was insolvent
>  (4) Made-
>>  (A) on or within 90 days before the date of the filing of the petition; or
>>  (B) between 90 days and one year before the date of the filing of the petition, is such creditor at the time of such transfer was an insider.
>  (5) The enables such creditor to receive more than such creditor would receive if -
>>  (A) the case were a case under Chapter 7
>>  (B) the transfer had not been made; and
>>  (C) such creditor received payments of such debt to the extent provided by the provisions of this title.

As provided by the statute, a trustee may bring an action to avoid a prepetition transfer. However, 11 U.S.C. § 522(h), when read in conjunction with 11 U.S.C. §

522(g), allows a debtor to avoid prepetition preferential transfers if (1) the property transferred would have been exempt; (2) the property was not transferred voluntarily; and (3) the trustee has not sought to bring an avoidance action. *See McCarthy v. Brevik Law (In re McCarthy)*, 501 B.R. 89 (B.A.P. 8th Cir. 2013); *see also* 11 U.S.C. § 522(g)-(h).

The Pierces and Collection Associates agree that all elements of § 547(b) are met with regard to the transfers of the garnished wages. However, even if the elements of § 547(b) are met there are defenses to avoidance actions. The relevant defense is found in 11 U.S.C. § 547(c)(8). It reads:

> (c) a trustee may not avoid under this section a transfer -
> (8) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.

The parties disagree on whether the above exception applies. The bankruptcy court held that § 547(c)(8) did apply because Collection Associates did not get the benefit or the value of $600 or more[3].

Collection Associates agrees with the bankruptcy court and argues that § 547(c)(8) applies because they received less than $600. They argue that it is irrelevant that $858.98 was garnished from Pierce's wages because they only received a portion of that amount. The amount received by Collection Associates does not include the last two garnishment payments. Those payments, totaling $296.20, may have been transferred to the court but they were never transferred to Collection

---

[3]   The parties, and as a result, the bankruptcy court operated under the assumption that a debtor may aggregate multiple transfers to a single creditor made during the preference period to determine whether the $600 threshold of § 547(c)(8) has been met. Since no one has raised this issue we too operate under this assumption without deciding the issue.

Associates. In fact, the payments were returned to Pierce. For these reasons, Collection Associates argues that § 547(c)(8) applies and the transfers cannot be avoided.

The Pierces disagree. They argue that § 547(c)(8) does not apply because more than $600 was transferred. According to the Pierces, all $858.98 was transferred under the meaning of § 547(c)(8). The transfer occurred when Pierce's employer withheld his earnings because at that time Pierce was involuntarily parting with his interest in those wages. It follows then, the Pierces argue, that the $296.20 transferred from the garnishee but never to Collection Associates should still be included in the calculation of the amount of the transfer.

We agree with the Pierces that at one time all six wage garnishments, totaling $858.98, constituted preferences. We have previously held that for preference purposes, if the property transferred is the debtor's wages then the transfer occurs precisely when wages are earned. *See Wade v. Midwest Acceptance Corp. (In re Wade),* 219 B.R. 815 (B.A.P. 8th Cir. 1998); *see also James v. Planters Bank (In re James)*, 257 B.R. 673 (B.A.P. 8th Cir. 2001). In this case, each garnishment was a preference at the time Pierce earned his wages.

However, when the Pierces brought this preference action the garnishee had already returned $296.20 to them. As the Pierces recognized, the only remedy available to them was avoidance of the wages still in possession of Collection Associates. Accordingly, their requested relief was for the return of $562.78, an amount less than $600. Therefore, under any definition of the word transfer and regardless of the benefit Collection Associates received § 547(c)(8) applies.

CONCLUSION

Because the amount sought be to recovered is less than $600, § 547(c)(8) applies as a defense to this preference action. The bankruptcy court's judgment is affirmed.

―――――――――――――――――