# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1365

_____

In re: Brandon G. Pierce; Nicole L. Pierce

*Debtor*s

------------------------------

Brandon G. Pierce; Nicole L. Pierce

*Appellant*s

v.

Collection Associates, Inc.

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: October 9, 2014
Filed: March 9, 2015

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

After filing for bankruptcy, Brandon and Nicole Pierce (the "Pierces") sought to avoid and recover funds Collection Associates, Inc. ("Collection Associates") had garnished from Brandon's wages during the pre-petition preference period. The bankruptcy court[1] found the Pierces' preference action barred by the defense for consumer debtor payments under $600. The Bankruptcy Appellate Panel ("BAP") affirmed. We agree that the defense applies because the Pierces sought to avoid the transfer of less than $600, and therefore affirm.

I.

The relevant facts of this case are few and undisputed. Collection Associates garnished a total of $858.98 in wages Brandon earned during six pre-petition pay periods. Brandon's employer sent the first four garnishments, totaling $562.78, to the state court that issued the garnishment order, and that court in turn delivered the payments to Collection Associates. See Neb. Rev. Stat. § 25-1056(2) (describing garnishment process). But then the Pierces filed their bankruptcy petition and notified the state court they had done so. When the state court later received the final two garnishments, totaling $296.20, instead of delivering those funds to Collection Associates, it returned the money to Brandon's employer, which refunded the money to Brandon.

The Pierces subsequently initiated this adversary proceeding against Collection Associates. They alleged $858.98 was transferred to Collection Associates during the preference period and sought an order avoiding the involuntary transfer and requiring Collection Associates to return $562.78.[2] The bankruptcy court denied the Pierces'

_____

[1]The Honorable Thomas L. Saladino, United States Bankruptcy Judge for the District of Nebraska.

[2]The Pierces' avoidance petition states the amount is $592.40. We use $562.78, the amount the parties later stipulated to.

complaint after "find[ing] that the aggregate value of all property affected by the transfer is less than $600." The BAP affirmed. Although the BAP found that "at one time all six wage garnishments . . . constituted preferences," it observed that "when the Pierces brought this preference action the garnishee had already returned $296.20 to them." Pierce v. Collection Assocs., Inc. (In re Pierce), 504 B.R. 506, 510 (B.A.P. 8th Cir. 2013). Thus, "[a]s the Pierces recognized, the only remedy available to them was avoidance of the wages still in possession of Collection Associates. Accordingly, their requested relief was for the return of $562.78, an amount less than $600." Id. Therefore, the BAP concluded, the defense for consumer debtor payments under $600 applied.

## II.

As an initial matter, we note that the BAP questioned whether Nicole possesses standing in this adversary proceeding, given that only Brandon's wages are at issue. See James v. Planters Bank (In re James), 257 B.R. 673, 675 n.3 (B.A.P. 8th Cir. 2001) (questioning standing under similar circumstances). Although neither party raised standing as an issue before this court, we may address it sua sponte. See Delorme v. United States, 354 F.3d 810, 815 (8th Cir. 2004). Standing analysis "normally requires an evaluation of (1) injury, (2) causation, and (3) redressability." City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir. 2007). In this case, we find Nicole fails the first of these requirements and thus lacks standing. We might have reached a different conclusion if there were a sufficient showing that Nicole possessed an interest in Brandon's wages or that the bankruptcy court had consolidated the Pierces' estates. See 11 U.S.C. § 302. But in the absence of any such showing, we find Nicole has not met the injury requirement. See Pucket v. Hot Springs Sch. Dist. No. 23-2, 526 F.3d 1151, 1157 (8th Cir. 2008) (stating that burden is on plaintiff to show standing requirements met). Accordingly, her claim against Collection Associates must be dismissed. Nevertheless, because Brandon possesses standing, we proceed to consider the merits of the case.

III.

"In an appeal from a decision of the BAP, we sit as a second court of review. We independently review the bankruptcy court's decision applying the same standard of review as the BAP. Thus, here we review the bankruptcy court's conclusions of law de novo." GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.), 639 F.3d 402, 405 (8th Cir. 2011) (citations omitted).

The Pierces brought this preference action under 11 U.S.C. § 522(h), which allows the debtor to "avoid a transfer of property of the debtor" if, among other things, the trustee could avoid the transfer under 11 U.S.C. § 547. 11 U.S.C. § 522(h); see Dickson v. Countrywide Home Loans (In re Dickson), 655 F.3d 585, 591-92 (6th Cir. 2011); Wade v. Midwest Acceptance Corp. (In re Wade), 219 B.R. 815, 819 (B.A.P. 8th Cir. 1998). Section 547 provides that "the trustee may avoid any transfer of an interest of the debtor in property" that meets the requirements of section 547(b). 11 U.S.C. § 547(b). The parties agree that these requirements are met. The trustee's avoidance power is, however, subject to certain defenses, and the trustee may not avoid a transfer under section 547 "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600." Id. § 547(c)(8). The parties disagree about whether the section 547(c)(8) defense applies.

The Pierces argue the defense is inapplicable because all of Brandon's garnished wages, totaling $858.98, were transferred to Collection Associates during the preference period. In their view, under Nebraska law, garnished wages transfer from the employee (Brandon) to the judgment creditor (Collection Associates) when earned.[3] It is therefore irrelevant, they contend, that Collection Associates actually

_____

[3]This process involves several steps, the Pierces claim: an employee gains an interest in wages when they are earned; that interest passes automatically to the

-4-

received less than $600 and that Brandon had been refunded $296.20 by the state court by the time the Pierces brought their preference action.[4]  We disagree.

We cannot overlook the fact that the state court returned the final two garnishments, totaling $296.20, to Brandon before the Pierces filed their preference action.  Nor could the Pierces.  Their avoidance petition sought the return of only $562.78, an amount corresponding to the first four garnishments, not the return of $858.98, the total amount garnished.  We find that the terms of the avoidance petition make clear that the Pierces sought to avoid only the first four garnishments.[5]  Because "the aggregate value of all property that constitutes or is affected by [the first four garnishments] is less than $600," the section 547(c)(8) defense applies.[6]

_____

judgment creditor because of the garnishment order; a transfer occurs when a property interest passes from one party to another.  See James, 257 B.R. at 676-77; Wade, 219 B.R. at 820-23.

[4]The Pierces maintain the BAP has held that garnished wages earned during the preference period but paid after filing of the petition may be attributed to the $600 level.  See James, 257 B.R. at 677.  Whatever the correctness of this proposition may be, it is not dispositive of this appeal.

[5]Section 547(c) dictates when "a transfer" may not be avoided.  11 U.S.C. § 547(c).  Yet we adopt for purposes of this appeal the parties' assumption that we may aggregate multiple garnishments (hence multiple transfers) when determining whether the $600 threshold has been met.  See Elec. City Merch. Co. v. Hailes (Matter of Hailes), 77 F.3d 873, 875 (5th Cir. 1996) ("[T]he aggregate value of several transfers should be considered to determine whether a creditor has received $600 in value.").  Even so, we would say that because the Pierces do not seek to avoid the final two already-returned garnishments, they cannot count those garnishments toward the aggregation of transfers they seek to avoid.

[6]To the extent it conflicts with our decision, we disagree with the reasoning adopted by the court in Harr v. Paradigm Mgmt. Co., No. 96-1-9160-PM, 1997 WL 441268, at *2 (Bankr. D. Md. July 24, 1997) (finding that the language of section 547(c)(8) "plainly directs the court to look at the value of the initial transfer, and not

IV.

Accordingly, we affirm the bankruptcy court's order denying the Pierces' complaint, with the modification that we dismiss Nicole Pierce as a plaintiff in the action.

COLLOTON, Circuit Judge, dissenting.

This appeal concerns a provision of the bankruptcy code, 11 U.S.C. § 522(h), that allows a debtor in bankruptcy to "avoid a transfer of property of the debtor" in certain circumstances where a trustee could avoid the transfer under 11 U.S.C. § 547. The property at issue here, according to debtors Brandon and Nicole Pierce, is $858.98 in wages that Brandon earned from his employer in six pay periods before the Pierces filed for bankruptcy. Collection Associates, Inc., a debt collection company, garnished those wages. All agree that the case comes down to whether a trustee would be precluded from avoiding the transfer of Brandon's wages because "the aggregate value of all property that constitutes or is affected by such transfer is less than $600." 11 U.S.C. § 547(c)(8). Collection Associates does not dispute that we should consider the value of multiple garnishments to determine the "aggregate value of all property" that constitutes or is affected by the transfer at issue here. *See Elec. City Merch. Co. v. Hailes* (*Matter of Hailes*), 77 F.3d 873, 875 (5th Cir. 1996).

---

the amount of the transfer that remains outstanding at the time of hearing"). See Morris v. Easy Credit Auto Sales, Inc. (In re Bohanon), No. 12-12582, 2013 WL 6355994, at *3 (Bankr. D. Kan. Dec. 5, 2013) (finding wage withholding not pre-petition payment in part because creditor "did not cash the check but returned it to" debtor).

A "transfer" means, among other things, "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with . . . property . . . or . . . an interest in property." 11 U.S.C. § 101(54)(D). "A transfer is not made until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3). "'Property' and 'interests in property' are creatures of state law," where, as here, there is no governing federal definition. *Barnhill v. Johnson*, 503 U.S. 393, 397-98 (1992).

The better view of Nebraska law is that Brandon gained an interest in the wages as soon as he earned them by performing the requisite services for his employer. Under Neb. Rev. Stat. § 25-1558(4)(a), earnings are defined as "compensation paid or payable . . . for personal services," implying that an employee gains a right to the earnings or wages once they are earned. *See Hogsett v. Credit Bureau of Scottsbluff, Inc.* (*In re Hogsett*), Case No. BK00-82678, A01-8034, 2001 Bankr. LEXIS 2149, at *4-5 (Bankr. D. Neb. Oct. 9, 2001). The Nebraska Supreme Court has also held that wages are deemed "payable" for purposes of an unemployment insurance benefits law when the wages are earned, not when remuneration is actually received, as "wages are tied to the week of work and not to the week in which they are paid." *Wadkins v. Lecuona III*, 740 N.W.2d 34, 40 (Neb. 2007). Brandon's garnishor gained ownership of those wages as soon as Brandon earned them because a garnishor is "practically an assignee of the claim of his debtor against the garnishee," and thus possesses the same property rights in the wages as Brandon otherwise would. *Chamberlain Banking House v. Reliance Ins. Co.*, 80 N.W. 822, 824 (Neb. 1899); *see also Smith v. Brooks*, 47 N.W.2d 389, 394 (Neb. 1951); *In re Hogsett*, 2001 Bankr. LEXIS 2149, at *5. Brandon's rights to wages of $858.98 earned over the six pre-petition wage periods thus transferred to Collection Associates at the time the wages were earned. *Cf. Morehead v. State Farm Mut. Auto. Ins. Co.* (*In re Morehead*), 249 F.3d 445, 448 (6th Cir. 2001) (applying Kentucky law).

The court assumes all of this is true, but rules that the Pierces cannot avoid the transfer because they do not seek to avoid two garnishments—totaling $296.20—that the state court sent back to Brandon's employer rather than to Collection Associates. The court reasons that the Pierces seek to avoid a transfer of only $562.78 based on the first four garnishments, and that because the aggregate value of all property constituting the transfer is less than $600, the debtors cannot avoid the transfer.

The Pierces' Petition to Avoid Transfer, however, seeks to avoid the entire transfer of wages totaling $858.98. The Petition alleges in Paragraph 2 that the Pierces involuntarily transferred the following property to Defendant Collection Associates: (a) "Garnishments of money from Debtor, Brandon Pierce's, paycheck in the amount of $592.40, which was received by the Defendant; *and*" (b) "Garnishments of money from Debtor, Brandon Pierce's, paycheck in the amount of $296.20, which amount was received by the Court after the filing of the Chapter 13 Petition and returned by the Court to Debtor's employer." App. 1 (emphasis added). The Pierces then prayed that the bankruptcy court "enter its Order *avoiding the involuntary transfer* of property from Debtor to Defendant, *and* ordering Defendant to return $592.40 to Debtor forthwith." App. 2 (emphases added). The Petition, fairly read, plainly seeks to avoid the entire involuntary transfer alleged in Paragraph 2, in the amount of $858.98. That the Petition sought the return of only $592.40 merely reflects the fact that $296.20 already was returned to Brandon. There was no reason for the Pierces to seek "return" of funds in Brandon's possession, but the Petition did seek to avoid the entire transfer of $858.98.

The aggregate value of all property transferred from the Pierces to Collection Associates was more than $600. The Pierces seek to avoid that transfer. Therefore, the prohibition on avoidance set forth at 11 U.S.C. § 547(c)(8) does not apply, and the debtors may avoid the transfer of Brandon's wages. The judgment of the bankruptcy court, as affirmed by the Bankruptcy Appellate Panel, should be reversed.

_____