SHEPHERD, Circuit Judge.
After filing for bankruptcy, Brandon and Nicole Pierce (the “Pierces”) sought to avoid and recover funds Collection Associates, Inc. (“Collection Associates”) had garnished from Brandon’s wages during the pre-petition preference period. The bankruptcy court[1] found the Pierces’ preference action barred by the defense for consumer debtor payments under $600. The Bankruptcy Appellate Panel (“BAP”) affirmed. We agree that the defense applies because the Pierces sought to avoid the transfer of less than $600, and therefore affirm.
I.
The relevant facts of this case are few and undisputed. Collection Associates garnished a total of $858.98 in wages Brandon earned during six pre-petition pay periods. Brandon’s employer sent the first four garnishments, totaling $562.78, to the state court that issued the garnishment order, and that court in turn delivered the payments to Collection Associates. See Neb.Rev.Stat. § 25-1056(2) (describing garnishment process). But then the Pierces filed their bankruptcy petition and notified the state court they had done so. When the state court later received the final two garnishments, totaling $296.20, instead of delivering those funds to Collection Associates, it returned the money to Brandon’s employer, which refunded the money to Brandon.
The Pierces subsequently initiated this adversary proceeding against Collection Associates. They alleged $858.98 was transferred to Collection Associates during the preference period and sought an order avoiding the involuntary transfer and requiring Collection Associates to return $562.78.[2] The bankruptcy court denied the Pierces’ complaint after “finding] that the aggregate value of all property affected by the transfer is less than $600.” The BAP affirmed. Although the BAP found that “at one time all six wage garnishments ... constituted preferences,” it observed that “when the Pierces brought this preference action the garnishee had already returned $296.20 to them.” Pierce v. Collection Assocs., Inc. (In re Pierce), 504 B.R. 506, 510 (B.A.P. 8th Cir.2013). Thus, “[a]s the Pierces recognized, the only remedy available to them was avoidance of the wages still in possession of Collection Associates. Accordingly, their requested relief was for the return of $562.78, an amount less than $600.” Id. Therefore, the BAP concluded, the defense for consumer debtor payments under $600 applied.
II.
As an initial matter, we note that the BAP questioned whether Nicole possesses standing in this adversary proceeding, given that only Brandon’s wages are *817 at issue. See James v. Planters Bank (In re James), 257 B.R. 67B, 675 n. 3 (B.A.P. 8th Cir.2001) (questioning standing under similar circumstances). Although neither party raised standing as an issue before this court, we may address it sua sponte. See Delorme v. United States, 354 F.3d 810, 815 (8th Cir.2004). Standing analysis “normally requires an evaluation of (1) injury, (2) causation, and (3) redressability.” City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir.2007). In this case, we find Nicole fails the first of these requirements and thus lacks standing. We might have reached a different conclusion if there were a sufficient showing that Nicole possessed an interest in Brandon’s wages or that the bankruptcy court had consolidated the Pierces’ estates. See 11 U.S.C. § 302. But in the absence of any such showing, we find Nicole has not met the injury requirement. See Pucket v. Hot Springs Sch. Dist. No. 23-2, 526 F.3d 1151, 1157 (8th Cir.2008) (stating that burden is on plaintiff to show standing requirements met). Accordingly, her claim against Collection Associates must be dismissed. Nevertheless, because Brandon possesses standing, we proceed to consider the merits of the case.
III.
“In an appeal from a decision of the BAP, we sit as a second court of review. We independently review the bankruptcy court’s decision applying the same standard of review as the BAP. Thus, here we review the bankruptcy court’s conclusions of law de novo.” GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.), 639 F.3d 402, 405 (8th Cir.2011) (citations omitted).
The Pierces brought this preference action under 11 U.S.C. § 522(h), which allows the debtor to “avoid a transfer of property of the debtor” if, among other things, the trustee could avoid the transfer under 11 U.S.C. § 547. 11 U.S.C. § 522(h); see Dickson v. Countrywide Home Loans (In re Dickson), 655 F.3d 585, 591-92 (6th Cir.2011); Wade v. Midwest Acceptance Corp. (In re Wade), 219 B.R. 815, 819 (B.A.P. 8th Cir.1998). Section 547 provides that “the trustee may avoid any transfer of an interest of the debtor in property” that meets the requirements of section 547(b). 11 U.S.C. § 547(b). The parties agree that these requirements are met. The trustee’s avoidance power is, however, subject to certain defenses, and the trustee may not avoid a transfer under section 547 “if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.” Id. § 547(c)(8). The parties disagree about whether the section 547(c)(8) defense applies.
The Pierces argue the defense is inapplicable because all of Brandon’s garnished wages, totaling $858.98, were transferred to Collection Associates during the preference period. In their view, under Nebraska law, garnished wages transfer from the employee (Brandon) to the judgment creditor (Collection Associates) when earned.[3] It is therefore irrelevant, they contend, that Collection Associates actually received less than $600 and that Brandon had been refunded $296.20 by the state court by the time the Pierces brought their *818 preference action.[4] We disagree.
We cannot overlook the fact that the state court returned the final two garnishments, totaling $296.20, to Brandon before the Pierces filed their preference action. Nor could the Pierces. Their avoidance petition sought the return of only $562.78, an amount corresponding to the first four garnishments, not the return of $858.98, the total amount garnished. We find that the terms of the avoidance petition make clear that the Pierces sought to avoid only the first four garnishments.[5] Because “the aggregate value of all property that constitutes or is affected by [the first four garnishments] is less than $600,” the section 547(c)(8) defense applies.[6]
IV.
Accordingly, we affirm the bankruptcy court’s order denying the Pierces’ complaint, with the modification that we dismiss Nicole Pierce as a plaintiff in the action.

. The Honorable Thomas L. Saladino, United States Bankruptcy Judge for the District of Nebraska.

. The Pierces' avoidance petition states the amount is $592.40. We use $562.78, the amount the parties later stipulated to.

. This process involves several steps, the Pierces claim: an employee gains an interest in wages when they are earned; that interest passes automatically to the judgment creditor because of the garnishment order; a transfer occurs when a property interest passes from one party to another. See James, 257 B.R. at 676-77; Wade, 219 B.R. at 820-23.

. The Pierces maintain the BAP has held that garnished wages earned during the preference period but paid after filing of the petition may be attributed to the $600 level. See James, 257 B.R. at 677. Whatever the correctness of this proposition may be, it is not dispositive of this appeal.

. Section 547(c) dictates when "a transfer” may not be avoided. 11 U.S.C. § 547(c). Yet we adopt for purposes of this appeal the parties' assumption that we may aggregate multiple garnishments (hence multiple transfers) when determining whether the $600 threshold has been met. See Elec. City Merch. Co. v. Hailes (Matter of Hailes), 77 F.3d 873, 875 (5th Cir.1996) ("[T]he aggregate value of several transfers should be considered to determine whether a creditor has received $600 in value.”). Even so, we would say that because the Pierces do not seek to avoid the final two already-returned garnishments, they cannot count those garnishments toward the aggregation of transfers they seek to avoid.

.To the extent it conflicts with our decision, we disagree with the reasoning adopted by the court in Harr v. Paradigm Mgmt. Co., No. 96-1-9160-PM, 1997 WL 441268, at *2 (Bankr.D.Md. July 24, 1997) (finding that the language of section 547(c)(8) "plainly directs the court to look at the value of the initial transfer, and not the amount of the transfer that remains outstanding at the time of hearing”). See Morris v. Easy Credit Auto Sales, Inc. (In re Bohanon), No. 12-12582, 2013 WL 6355994, at *3 (Bankr.D.Kan. Dec. 5, 2013) (finding wage withholding not pre-petition payment in part because creditor "did not cash the check but returned it to” debtor).